El Pueblo de Puerto Rico, demandante y apelado, *v.* Vicente Rivera Valpais, acusado y apelante.

Núm. 13190.—*Sometido:* Mayo 24, 1948. *Resuelto:* Mayo 26, 1948.

*Agustín E. Font,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El único error alegado por el apelante en este recurso es el haber denegado la corte inferior su moción solicitando el archivo y sobreseimiento del caso, de acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal. Los hechos son los siguientes:

El 25 de enero de 1943 se radicaron en la corte inferior dos acusaciones contra el apelante por los delitos de homicidio voluntario y portar armas prohibidas. Al leérsele las acusaciones hizo alegación de inocente y solicitó que los casos se vieran conjuntamente "renunciando el acusado su derecho a un juicio rápido en el caso de portar armas". No fué hasta el 6 de febrero de 1946 que se celebró el juicio en el caso de homicidio voluntario,(1) y al comenzar el mismo y llamar también el secretario el caso sobre portación de armas, el juez peguntó: "¿Se estipula que se verán conjuntamente ambos casos?" A lo que contestó la defensa: "En cuanto al caso de portar armas, vamos a hacer cierta moción; creo que la prueba es la misma, pero vamos a plantear cierta moción". Esto no obstante, el acusado no presentó moción alguna hasta que terminó de desfilar toda la prueba, y después de haberse retirado el jurado a deliberar en el caso de homicidio voluntario, entonces formuló una moción verbal solicitando el archivo y sobreseimiento del caso de portar armas por haber transcurrido más de ciento veinte días desde la radicación de la acusación hasta el día en que se celebró el juicio.

Esta moción fué presentada tardíamente. Hemos resuelto que el demorar la presentación de una moción de archivo y sobreseimiento, bajo el artículo 448 del Código de

---

(1) El 18 de diciembre de 1945, a moción del acusado, se sobreseyó y archivó la acusación en dicho caso, pero el fiscal radicó nueva acusación. El acusado no solicitó el archivo del caso de portar armas, sino que de la minuta aparece que se hizo constar que el caso de portar armas se vería conjuntamente con el caso *felony*.

Enjuiciamiento Criminal, no significa que el acusado pierda el derecho a presentarla "en cualquier momento antes de la vista del caso." *Pueblo* v. *Ayala,* 19 D.P.R. 936, ratificado en *Pueblo* v. *Díaz,* 60 D.P.R. 540. Es obvio que una moción de esta naturaleza presentada después que se ha celebrado el juicio en el caso de homicidio, con el cual se estipuló someter el de portar armas, es tardía por no haberse presentado antes de la vista del caso. Aun cuando la corte inferior desestimó la moción por otro fundamento—el haber el acusado renunciado a un juicio rápido y solicitado que el caso se viera conjuntamente con el de homicidio—consideramos innecesario entrar a considerar si erró o no la corte, ya que habiendo llegado a la conclusión de que la moción del acusado fué tardía no hay por qué resolver ninguna otra cuestión.

*Procede confirmar la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.