SAMUEL WALKER, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 251. *Sometido:* Abril 4, 1951. *Resuelto:* Junio 27, 1951.

*E. T. Fiddler, José G. González, Tomás I. Nido, Fernando Fornaris, Jr., Andrés Guillemard* y *Julián O. McConnie, Jr.,* abogados del peticionario; *Hon. Procurador General Víctor Gutiérrez Franqui (Vicente Géigel Polanco, Ex Procurador General,* en el alegato) y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Para revisar la sentencia dictada en 2 de agosto del pasado año por el Tribunal de Contribuciones, desestimando la

querella interpuesta en un caso de reintegro de contribución sobre ingresos, por Samuel Walker contra el Tesorero de Puerto Rico, libramos el auto de *certiorari* autorizado por el artículo 6 de la Ley 328 de 13 de mayo de 1949 (págs. 997, 1005).[1] Alegó en esa querella el recurrente que en 20 de diciembre de 1948 y por mediación de un mandatario, radicó en el Departamento de Hacienda su Declaración de Ingresos por el año económico terminado en 30 de junio de 1948; que desde agosto 5 de 1947 ha sido y es dueño de las acciones preferidas de la Eastern Sugar Associates (a Trust) enumeradas en el *exhibit* A, anexo; que ha recibido dividendos sobre esas acciones en las fechas y cantidades relacionadas en el aludido exhibit, reteniéndose en su origen el 29 por ciento de dichos dividendos en concepto de contribución sobre ingresos para ser pagado al querellado de acuerdo con la sección 22 de la Ley de Contribuciones Sobre Ingresos de Puerto Rico[2] por el agente retenedor, The National City Bank of New York, Sucursal de San Juan; que en todo momento desde agosto 5 de 1947 ha sido ciudadano de los Estados Unidos de América y del estado de Nueva York; que simultáneamente con su declaración de ingresos radicó una reclamación de reintegro por la suma de $29 retenida en su origen, alegando que tal cantidad había sido ilegalmente retenida; que en 12 de enero de 1949 recibió una carta del querellado en la cual éste le notificaba que su reclamación de reintegro era denegada; que entiende que el reintegro reclamado debe ser concedido, toda vez que la cantidad retenida constituye una contribución cobrada sin autorización legal, porque el referido cobro viola lo dispuesto en la enmienda introducida al Artículo 2 de la Carta Orgánica de Puerto Rico por el Congreso de los Estados Unidos de Amé-

[1] Por la Ley 328, supra, se creó el Tribunal de Contribuciones de Puerto Rico, se determinó su organización, autoridad y funcionamiento, se estableció su jurisdicción y se proveyó para la revisión de sus decisiones, etc.

[2] Número 74 de 6 de agosto de 1925 (pág. 401).

rica, mediante la Ley 362, de 5 de agosto de 1947, "ya que con ello se discrimina ilegalmente en contra de la parte querellante y en favor de los residentes de Puerto Rico con respecto al tipo contributivo, créditos, exenciones personales y otras deducciones, y se le negaría con ello los derechos, privilegios e inmunidades garantizados por la referida enmienda a nuestra Carta Orgánica".

Poco después se presentó por las partes en el caso de *Gilbert J. Postley* v. *Tesorero de Puerto Rico*, R–180 T.C., una estipulación, en la cual hicieron constar que la querella de ese caso y las sucesivamente radicadas hasta la núm. R–206 T.C., inclusive, ([3]) presentan la misma cuestión litigiosa y para evitar en los demás casos el cuantioso trámite y trabajo clerical que se obviaría con la sentencia que pudiera recaer en él, se estipulaba y acordaba que las cuestiones planteadas fueran litigadas en ese caso y que las demás querellas R–181 a R–206 T.C., ambas inclusives, quedaran radicadas y pendientes hasta tanto se resolvieran las cuestiones suscitadas en ese recurso, pudiendo ser falladas las demás querellas por aquel tribunal en forma igual a la sentencia que en él recayera. Dicha estipulación fué aprobada tres días más tarde por el tribunal recurrido, ordenándose que se uniera copia de la misma y de la resolución aprobatoria a cada uno de los expedientes respectivos.

En el caso de *Postley* el querellado radicó su contestación aceptando algunos hechos de la querella, negando los esenciales, y alegando como defensa afirmativa, entre otras, que "aún aceptando como ciertos todos y cada uno de los hechos alegados en la querella, la misma no aduce motivos suficientes para sostener la reclamación".

La cuestión de derecho así planteada por esa defensa afirmativa fué vista y resuelta preferentemente por el Tribunal

---

([3]) La querella envuelta en el recurso que nos ocupa lleva el núm. R–191.

de Contribuciones, dictando al efecto resolución en 27 de junio de 1950 declarando tal defensa con lugar y concediendo al querellante un término de diez días para radicar demanda enmendada, si lo deseaba. El motivo fundamental que tuvo para así hacerlo fué que: "No existe en la demanda alegación alguna al efecto de que Puerto Rico no tiene una base racional o una justificación, o que no existe un mal local que la Asamblea Legislativa haya creído propio afrontar imponiendo a contribuyentes absentistas un tipo de contribución mayor y negarles determinados créditos"; que "como se dijo en *Toomer* v. *Witsell*, supra, (⁴) *el demandante debe alegar la no existencia de motivos válidos para el discrimen, independientes del discrimen mismo*"; y que "En ausencia de tal alegación y la prueba en su día, debemos presumir que la Asamblea Legislativa tuvo justificación y que existe base racional para la diferenciación en trato entre unos ciudadanos americanos y otros ciudadanos americanos". En armonía con la estipulación ya citada el tribunal recurrido dictó idéntica resolución en el presente y a moción del peticionario, Samuel Walker, dictó en su caso la sentencia a que ya hemos aludido. (⁵)

▆▆▆▆ Entre los errores señalados por el peticionario en el recurso que pende ahora ante nuestra consideración están los de que el Tribunal de Contribuciones erró al desestimar la querella por no aducir ésta hechos determinantes de una causa de acción; al no dictar sentencia sobre las alegaciones a favor del querellante; al resolver que la Corte Suprema de los Estados Unidos en el caso de *Toomer* v. *Witsell*, 334 U.S. 385, decidió que el contribuyente que es ciudadano de otro estado debe alegar la no existencia de motivos válidos para el discrimen, independientemente del discrimen mismo; y al decidir que en ausencia de alegación y prueba por el

---

(⁴) 334 U. S. 385, 92 L. ed. 1460.

(⁵) En todos los demás casos los querellantes enmendaron sus respectivas querellas, hallándose todos ellos pendientes en el tribunal inferior.

querellante a ese efecto, el tribunal debía presumir que la Asamblea Legislativa estuvo justificada al discriminar entre ciudadanos americanos no residentes, que son ciudadanos de algún estado de la Unión, y ciudadanos americanos residentes de Puerto Rico, y que existe una base racional para ello. Pasaremos inmediatamente a discutirlos:

En 5 de agosto de 1947 el Octogésimo Congreso de los Estados Unidos en su Primera Sesión adicionó a virtud de la Ley Pública núm. 362 (*U. S. Code, Congressional Service, 80th Congress, 1947,* pág. 768), al artículo 2 de nuestra Carta Orgánica (48 U.S.C., sec. 737), un párrafo que reza así:

"Los derechos, privilegios e inmunidades de los ciudadanos de los Estados Unidos se respetarán en Puerto Rico hasta el mismo grado que si Puerto Rico fuera un estado de la Unión y sujeto a las disposiciones del inciso 1 de la Sección 2 del Artículo IV de la Constitución de los Estados Unidos." [6]

Con anterioridad a esa enmienda a nuestra Carta Orgánica se resolvió que el inciso 1 de la Sección 2 del Artículo IV y la Sección 1 de la Enmienda Décimocuarta de la Constitución de los Estados Unidos no rigen en Puerto Rico; que al establecer nuestra Ley de Contribuciones Sobre Ingresos el tipo contributivo más alto en ella fijado para ciudadanos americanos no residentes de Puerto Rico, aunque sí de cualquier estado de la Unión, y al negar a tales no residentes la exención personal y los créditos por dependientes en ella provistos, no se violaba la cláusula sobre debido proceso de ley, la de que las leyes para la imposición de contribuciones en Puerto Rico serán uniformes, ni la de igual protección de las leyes de nuestra Carta Orgánica. *Buscaglia* v. *Tribunal de Contribuciones, Pérez Vahamonde, Interventora,* 68 D.P.R. 345 y *Buscaglia* v. *Ahumada,* 171 F.2d 775.

---

[6] El inciso 1 de la Sección 2 del Artículo IV de la Constitución de los Estados Unidos provee:

"Los ciudadanos de cada Estado tendrán derecho a todos los privilegios e inmunidades de los ciudadanos en los diversos estados."

El problema fundamental que está ahora ante nuestra consideración es, sin embargo, meramente si en una querella como la aquí envuelta, en que se expone que nuestra Asamblea Legislativa ha cometido un discrimen[7] al fijar tipos contributivos más onerosos sobre los ingresos de los ciudadanos americanos no residentes que para los ciudadanos americanos residentes en esta Isla, debe alegarse o no "la no existencia de motivos válidos para el discrimen, independientes del discrimen mismo".

Si bien la constitucionalidad de toda ley se presume y aquél que impugne la validez de la misma tiene sobre sus hombros el peso de la prueba,[8] no hemos hallado un solo

---

[7] Por la sección 12 de la Ley de Contribuciones Sobre Ingresos (núm. 74 de 1925, pág. 401), según fué enmendada por la Ley 88 de 1945, (pág. 313), se impone sobre el ingreso neto de todo individuo una. contribución normal del 7 por ciento y se dispone que sobre el ingreso de todo individuo no residente que no sea ciudadano de Puerto Rico, se impondrá, cobrará y pagará, por cada año contributivo, una contribución normal de veintinueve por ciento (29%) del monto del ingreso neto; por la sección 13 de la misma ley, conforme fué enmendada por la núm. 433 de 1947 se imponen tipos progresivos adicionales de contribución, no aplicables a individuos no residentes que no sean ciudadanos de Puerto Rico, "en consideración a que éstos pagan una contribución normal de veintinueve por ciento (29%)"; por la sección 18 de la misma ley según fué enmendada en 1947 por la Ley núm. 433, supra, se concede a toda persona soltera una exención personal de $800; y a todo jefe de familia o persona casada que viva con su esposo o esposa, una exención personal de $2,000, más un crédito de $400 por cada persona que dependa y reciba el sustento exclusivamente del contribuyente; y por el apartado (f) de la sección 19, conforme fué enmendado por la Ley 433, supra, se provee, luego de reiterarse que sobre el ingreso neto de todo individuo no residente, que no sea ciudadano de Puerto Rico se impondrá, cobrará y pagará una contribución normal de 29 por ciento de tal ingreso, que "no se concederá exención o crédito personal alguno a los individuos no residentes que no sean ciudadanos de Puerto Rico."

[8] *Rivera* v. *Cobián Chinea & Ço.*, 69 D.P.R. 672, 678; *Buscaglia* v. *Tribunal de Contribuciones, Llamas Muñiz, Interventor*, 69 D.P.R. 99; *Buscaglia* v. *Tribunal de Contribuciones, Pérez Vahamonde, Interventora*, 68 D.P.R. 345; *Madden* v. *Kentucky*, 309 U. S. 83, 84 L. ed. 590; *Middleton* v. *Texas Power & L. Co.*, 63 L. ed. 527, 531; *Ward & Gow* v. *Krinsky*, 259 U. S. 503, 66 L. ed. 1033; *Concordia F. Insurance* v. *Illinois*, 292 U. S. 535, 78 L. ed. 1411; 28 A.L.R. 1207; *Lawrence* v. *State Tax Commission*, 286 U. S. 276, 76 L. ed. 1102, 87 A.L.R. 374; 92 A.L.R. 1264; 38 A.L.R. 1186; 11 Am. Jur. 795, Sec. 132.

caso que de manera taxativa resuelva que la persona que sostenga que una ley es contraria a la Constitución, por violar la cláusula sobre privilegios e inmunidades, debe alegar "la no existencia de motivos válidos para el discrimen, independientes del discrimen mismo". En la querella radicada por el peticionario en el tribunal inferior alega éste que la contribución ha sido cobrada sin autorización legal y que "el referido cobro de contribución por el querellado viola lo dispuesto en la enmienda introducida a la sección 2 de la Carta Orgánica de Puerto Rico . . . por la Ley 362 . . ., ya que con ello se discrimina ilegalmente en contra de la parte querellante y en favor de los residentes de Puerto Rico con respecto al tipo contributivo, créditos, exenciones personales y otras deducciones, y se le negaría con ello los derechos, privilegios e inmunidades garantizados por la referida enmienda a nuestra Carta Orgánica." Ello basta a nuestro juicio para llevar claramente al ánimo del juzgador que el propósito del querellante al hacer tal alegación fué rebatir la aludida presunción. Erró, por tanto, el Tribunal de Contribuciones al resolver que la querella del peticionario no aduce hechos determinantes de una causa de acción.

▉ Una defensa especial como la alegada por el querellado en este caso tiene el mismo alcance que el de la moción para desestimar provista por la Regla 12(*b*) de las de Enjuiciamiento Civil y, por ende, el efecto de admitir la veracidad de todas las alegaciones esenciales de la querella,(9) por lo que podría decirse que todos los hechos en controversia están ante nuestra consideración; y aunque tanto el peticionario como el interventor se enfrascan en una extensa e intensa discusión sobre la constitucionalidad o inconstitucionalidad de los preceptos de la Ley de Contribución Sobre Ingresos a que hacemos referencia en la nota (7) de esta opinión, a la luz de la enmienda ya indicada a nuestra Carta Orgánica, nos abstendremos por ahora de discutir la cuestión

---

(9)*Boulon* v. *Pérez*, 70 D.P.R. 988, 991; *Onna* v. *The Texas Co.*, 64 D.P. R. 520, 522. Véase además *M. Grau e Hijos* v. *Pueblo*, 51 D.P.R. 13.

constitucional así planteada. Nos basamos para ello, entre otros motivos, en que (1) las cortes deben evitar resolver cuestiones constitucionales siempre que ello fuere posible; [10] y (2) en que tales cuestiones deben ser resueltas en primera instancia por un tribunal inferior luego de determinar todos los hechos en que puede basar su decisión y no meramente a base de admisiones hechas por las partes al plantear cuestiones de derecho. [11]

*Debe revocarse la sentencia apelada y devolverse el caso al Tribunal de Contribuciones para ulteriores procedimientos no inconsistentes con esta opinión.*

---

[10] *Tesorero* v. *Tribl. de Contribuciones y Kemper,* 71 D.P.R. 298, 303; *Spanish Am. Tobacco Co.* v. *Buscaglia,* 71 D.P.R. 991; *Buscaglia* v. *Fiddler,* 157 F.2d 579; *Alabama State Federation of Labor* v. *McAdory,* 325 U. S. 450, 89 L. ed. 1725; *Crowell* v. *Benson,* 285 U. S. 22, 76 L. ed. 598.

[11] *Tesorero* v. *Tribl. de Contribuciones y Kemper,* 71 D.P.R. 298, 303; *Ocean Accident & Guarantee Corporation* v. *Poulsen,* 12 N.W.2d 129, 152 A.L.R. 810; *Iowa Motor Vehicle Ass'n* v. *Board,* 209 N.W. 511; *Meister* v. *Carbaugh,* 142 N.E. 189; *Nakwosas* v. *Western Paper Stock Co.,* 102 N.E. 1041; 71 A.L.R. 1194; 11 Am. Jur., pág. 775, sec. 127.