EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BENIGNO PACHECO RUIZ, acusado y apelante.

*Número:* CR–62–12 *Resuelto:* 11 de marzo de 1963

*A. L. Rodríguez Ramos,* abogado designado por el Tribunal Supremo para ofrecer asistencia legal en apelación al apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto por un jurado de una infracción al Art. 8 de la Ley de Armas de Puerto Rico y fue sentenciado a sufrir una pena de dos (2) a cinco (5) años de presidio con trabajos forzados.

En apelación sostiene 1) que se le privó de un juicio rápido, justo e imparcial, y 2) que el tribunal sentenciador actuó sin jurisdicción.

El primer punto se basa en siete situaciones ocurridas durante el juicio y que el apelante señala bajo letras (a) a la (g).

Bajo la letra (a) alega el apelante que fue privado de su derecho a carearse con los testigos de cargo por la forma como declaró la testigo Rosa María Martínez. No ocurrió tal cosa. Aunque la testigo resultó hostil a los abogados de la defensa fue ampliamente contrainterrogada por éstos hasta que voluntariamente dieron por terminado el interrogatorio.

Bajo la letra (b) alega que al posponerse el caso en dos ocasiones el mismo día del juicio se violó su derecho a un juicio rápido e imparcial y que el tribunal a quo erró al no decretar el archivo y sobreseimiento del caso.

 El caso fue llamado para vista en la mañana del día 24 de mayo de 1960. El Fiscal no estaba listo para entrar a juicio porque le faltaban unos testigos esenciales. A su solicitud el Tribunal pospuso el juicio para las dos de la tarde del mismo día. La ausencia de un testigo esencial cuando se han hecho como en este caso las debidas diligencias para lograr su comparecencia en corte constituye justa causa, no ya para la posposición del juicio unas horas más tarde del mismo día, sino para otra fecha posterior. *Montalvo* v. *Corte*, 59 D.P.R. 545; *El Pueblo* v. *Ibern*, 31 D.P.R. 917. La acusación fue radicada el día 20 de agosto de 1959. Se leyó y se dio al acusado hasta el 13 de octubre para hacer alegación y el juicio se celebró el día 24 de mayo de 1960. Aunque hubieran transcurrido más de 120 días desde la radicación de la acusación hasta la celebración del juicio, no surge del récord la razón de dicha dilación. Sí puede inferirse que el caso estuvo señalado en ocasiones anteriores y que fue suspendido debido a la no comparecencia de testigos esenciales de cargo. Sea ello como fuere, no tenemos base para resolver si en la dilación en la celebración del juicio medió justa causa. De todos modos tampoco surge del récord que el acusado presentara antes del juicio una moción de sobreseimiento fundada en el Art. 448 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 1631). En su consecuencia, renunció a su derecho a un juicio rápido. *Pueblo* v. *Rivera*, 68 D.P.R. 845; *Ferrer* v. *Corte*, 60 D.P.R. 624; *Pueblo* v. *Díaz*, 63 D.P.R. 987; *Pueblo* v. *Díaz*, 60 D.P.R. 540; *Pueblo* v. *Ortiz*, 51 D.P.R. 379.

El señalamiento bajo la letra (c) carece de base en récord. El tribunal a quo ordenó la eliminación del comen-

tario que hizo la testigo Rosa María Martínez y del cual se queja el apelante.

El incidente señalado bajo la letra (d) lo contesta correctamente el Procurador General de la manera siguiente:

"(d)—Señala el apelante que el Tribunal cometió error al permitir que el fiscal pusiera en labios de la testigo Rosa María Martínez cosas que ella no había dicho. Se refiere el apelante a la siguiente pregunta que hiciera el representante del ministerio fiscal a la mencionada testigo:

'Y qué hizo el acusado después que usted dice que cogió el revólver, qué hizo él?' (T.E. pág. 29)

"Entendemos que no tiene razón el apelante. La testigo Rosa María Martínez había declarado que el acusado había cogido el revólver (T.E. pág. 27, línea 24). Además, había testificado como sigue:

'R—Baja por la puerta de la sala, se mete y va al servicio y coge un periódico, después se metió debajo de la casa... mira el revólver después se mete debajo de la casa y salió y dió la vuelta así por fuera de la casa, andaba por allí por los alrededores después de los alrededores salió y fue a sentarse... yo lo notaba que se sentaba como con la pierna en este tajo (hace un gesto) porque como el revólver es largo le molestaba aquí y aquí la punta, porque yo lo notaba. Yo no iba a hacer el gesto de ponerme a decirle nada más, mi revólver estaba cargado como lo tenía yo siempre. Entonces coge y me pasó por la mente una luz, como que me dijeron 'tu revólver'. Yo dije — 'mi revólver?' Eso era yo sola, hablando sola, y vuelven y me dicen — 'tu revólver'.' (T.E. págs. 25-26)

"De todos modos, el acusado no puede válidamente quejarse en apelación de una pregunta a la que no objetó ni excepcionó. *Pueblo* v. *Vázquez*, 77 D.P.R. 933, 939 (1955)."

En el apartado (e) alega el apelante que el Tribunal a quo analizó incorrectamente, al hacer el resumen de la prueba, la declaración de Rosa María Martínez, al expresar "que el acusado caminaba por la sala y que luego se metió debajo de la casa y que traía el revólver". Lo dicho por el Juez está en armonía con el testimonio de la testigo pero

aun cuando se apartara muy poco de él, no lo es en un sentido sustancial y el acusado no excepcionó las instrucciones. *Pueblo* v. *Lampón*, 78 D.P.R. 109.

Al trasmitir sus instrucciones al jurado el Juez en una sola ocasión se refirió al Art. 138 de la Ley de Armas cuando el delito imputádole al acusado era una infracción al Art. 8 de dicha ley. Se señala este error bajo la letra (f).

■ El *lapsus* cometido por el Juez carece de importancia y en nada pudo afectar los derechos sustanciales del acusado. La acusación fue entregada al jurado cuando se retiró a deliberar y en ella se imputaba una infracción al Art. 8 de la Ley de Armas. En sus instrucciones el Juez se refirió a dicho Art. 8, al definir el delito por el cual se perseguía al acusado y finalmente el jurado le declaró culpable de dicho delito. Suponiendo que se cometió el error, el mismo no era fundamental y al no objetarlo y excepcionarlo el acusado renunció al mismo. *Pueblo* v. *Negrón*, 79 D.P.R. 296; *Pueblo* v. *Lampón*, supra.

■ La cuestión suscitada bajo la letra (g) carece de mérito. Así lo demuestra el siguiente razonamiento del Procurador General.

"(g)—Se alega que el Tribunal inferior destruyó la presunción de inocencia que acompaña a todo acusado, al expresar en las instrucciones que allí había prueba de la comisión del delito imputado al acusado.

"Al terminar el Tribunal de dar sus instruccciones, un miembro del jurado solicitó orientación sobre si el caso trataba de la comisión de dos delitos, hurto y portar armas; o si se trataba de un solo delito. El juez instruyó al jurado para que no considerara si se cometió o no el delito de hurto, y sí únicamente el de portar armas, ya que lo que había ante ellos era una sola acusación por ese último delito (T.E. pág. 83). Entonces se produjo el siguiente incidente:

'Lic. Rodríguez Ramos:

'No solamente una acusación sino en ninguna fase el hurto. Que considere el Jurado que no solamente aquí no existe una acusación de hurto sino que no se menciona para

nada ese tipo de delito.

'Hon. Juez:

'Bueno, ya la Corte le dijo al Jurado que aquí hay prueba... digo, hay un testigo que dice que el acusado aceptó que se había llevado ese revólver porque ella le dió el revólver, esa es la prueba que ustedes tienen ante ustedes, y la prueba de esta señora y la prueba del detective y lo que ustedes encuentren ahí en esa prueba que les dé luz para resolver si es inocente o culpable del delito de portar armas, no del delito de hurto que no se está ventilando aquí para nada.' (T.E. pág. 84)

"Como puede observarse, en ningún momento el Tribunal manifestó que había prueba de la comisión, por parte del acusado, del delito de portar armas. El Tribunal solo advirtió al jurado que aunque un testigo había declarado que el acusado aceptó que se había llevado el revólver porque se lo habían dado, no debían resolver si era inocente o culpable del delito de hurto y sí únicamente del delito de portar armas. Evidentemente, el apelante ha entresacado una frase aislada para tratar de sostener con ella una mera especulación."

■ Pasemos al error de falta de jurisdicción. En el récord no hay una base clara para discutir este señalamiento. El apelante alega que el Tribunal había ordenado el archivo de la acusación en este caso y había concedido al fiscal un término de 10 días para presentar una nueva acusación. No sabemos con certeza si la orden de archivo se decretó en este mismo caso. Lo que aparece del récord es que el acusado tenía varios procesos pendientes. La orden de archivo se dictó por el Tribunal Superior, Sala de Bayamón, en el caso de dicha Sala G58-194. En el Tribunal Superior, Sala de San Juan, se siguió este proceso contra el acusado bajo el número G-59-666. En verdad el apelante no nos ha puesto en condiciones de determinar si los hechos envueltos en uno y otro caso eran los mismos. Por esa razón desestimaremos el aludido señalamiento de error, sin una ulterior consideración.

*Se confirmará la sentencia apelada.*