Designación del Juez Hon. Daniel E. López Pritchard como Juez Especial.

*Número:* _____    *Resuelto:* 30 de junio de 1987

## RESOLUCIÓN

En virtud de la Ley Núm. 19 de 30 de octubre de 1975, según enmendada, 4 L.P.R.A. sec. 62a *et seq.*, se dispuso:

Cualquier persona que, siendo Juez del Tribunal Supremo, del Tribunal Superior o del Tribunal de Distrito, se hubiese acogido a una pensión por retiro bajo el Sistema de Retiro para la Judicatura del Estado Libre Asociado de Puerto Rico, podrá ser reintegrado al servicio mediante su designación como Juez Especial por el Tribunal Supremo, sujeto a las demás condiciones que se establecen en las secs. 62a a 62g de este título.

El Hon. Juez Daniel E. López Pritchard comenzó en 1960 una ilustre y distinguida carrera como Juez Superior del Tribunal General de Justicia de Puerto Rico. Ha sometido su renuncia como tal al Señor Gobernador de Puerto Rico, y éste la ha aceptado para ser efectiva el 31 de julio de 1987, por razón de que el 5 de agosto de 1987 cumple 70 años de edad y desea acogerse a una pensión por retiro bajo el Sistema de Retiro para la Judicatura del Estado Libre Asociado de Puerto Rico. El Juez López Pritchard ha manifestado su disponibilidad y deseo de continuar brindándole sus servicios a la Judicatura de Puerto Rico como Juez Especial. Hasta este momento el Juez López Pritchard ha desempeñado y continúa desempeñándose como uno de los jueces más laboriosos, responsables y éticos de nuestro Tribunal de Primera Instancia. Ha sido por vocación servidor público, pues le ha servido bien a nuestro país como Registrador de la Propiedad, Fiscal y Juez. Se ha desempeñado como Juez Administrador del Tribunal Superior, Salas de Ponce y de

San Juan, como Juez Administrador de la Sala de San Juan de Asuntos de lo Criminal, Juez Administrador del Centro Judicial de San Juan a cargo de su organización inicial, ha sido miembro de distintos comités que han estudiado y evaluado el sistema judicial y administrativo de los tribunales y ha sido reconocido por el Gobierno de Puerto Rico con el premio Manuel A. Pérez por su labor en la administración judicial.

En atención a todo lo anterior, a que cumple con todos los requisitos estatutarios, y al deseo expresado por el Juez López Pritchard de volverse a integrar al servicio como Juez Especial, una vez acogido a su pensión por retiro, el Tribunal, en virtud de las disposiciones de la Ley Núm. 19, *supra,* lo designa Juez Especial efectivo el 3 de agosto de 1987.

Los estatutos del Estado Libre Asociado se presumen constitucionales y los tribunales deben evitar resolver cuestiones constitucionales siempre que ello fuere posible. *Walker* v. *Tribl. Contribuciones y Tesorero,* 72 D.P.R. 698 (1951); *Spanish Am. Tobacco Co.* v. *Buscaglia,* 71 D.P.R. 991 (1950). Véase, también, *Milán Rodríguez* v. *Muñoz,* 110 D.P.R. 610 (1981). Los tribunales tienen el deber de no adelantar pronunciamientos a destiempo emitiendo decisiones en abstracto de índole constitucional en ausencia de una controversia justiciable. Toda opinión en relación con dicho aspecto resulta consultiva y contraria a nuestro esquema constitucional. *Hernández Agosto* v. *Betancourt,* 118 D.P.R. 79 (1986); *Com. de la Mujer* v. *Srio. de Justicia,* 109 D.P.R. 715 (1980); *E.L.A.* v. *Aguayo,* 80 D.P.R. 552 (1958). En vista de que no se ha cuestionado la constitucionalidad de la Ley Núm. 19, *supra,* este Tribunal no puede pronunciarse sobre su validez.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió un

voto disidente al cual se une el Juez Asociado Señor Rebollo López.

(*Fdo.*) Bruno Cortés Trigo
*Secretario General*

—O—

Voto disidente del Juez Asociado Señor Negrón García al cual se une el Juez Asociado Señor Rebollo López.

I

Con miras a despejar toda confusión al respecto, exponemos por escrito nuestra posición en este asunto según comunicada previamente al Juez Presidente Señor Pons Núñez y demás Jueces Asociados. De entrada, aclaramos que la actuación del Tribunal al designar Jueces Especiales —en virtud de la Ley Núm. 19 de 30 de octubre de 1975 (4 L.P.R.A. sec. 62a), según enmendada por la Ley Núm. 125 de 12 de julio de 1986— *no es de índole judicial.* Se trata del ejercicio de una facultad ejecutiva, de carácter discrecional, que gira en la órbita de lo administrativo. Por ende, la posición que aquí asumimos, consigna pero no prejuzga la cuestión en el plano judicial. Responde más bien a una inquietud legítima sobre la validez constitucional que surge al implantar este estatuto. El juicio reflexivo se impone no sólo en lo judicial, sino también en los trámites de asuntos de coadministración que de vez en cuando realizamos como miembros del Tribunal.

Por esta misma razón, la traba que al respecto se expone en la resolución del Tribunal es errónea en cuanto invoca la doctrina de abstención constitucional que resulta inaplicable. Repetimos, la designación por este foro colegiado de un Juez Especial no es una actuación judicial sino administrativa. Es una cuestión concreta que se materializa en virtud de la resolución. Ante la estrecha

disyuntiva que nos impone dicho dictamen y la legislación, rehusamos asumir el papel de simples autómatas observadores.

## II

Por estas razones, y en vista de que este Tribunal representa el foro de última instancia, en que en la otra órbita, la judicial, podría dilucidarse cualquier controversia y ataque constitucional a una ley por los fundamentos que expondremos, discrecional y prudencialmente no debimos haber actuado con relación al trámite del nombramiento del Juez Superior Daniel López Pritchard, como Juez Especial, a ser efectivo con posterioridad a acojerse al retiro el 31 de julio de 1987.

No cuestionamos el loable propósito que inspira la Ley Núm. 19, *supra* y menos los méritos del Juez López Pritchard, como candidato para el referido cargo, una vez se jubile por razón de la edad obligatoria. Su laboriosidad, excelencia ética, buenos hábitos de estudio y compromiso con la justicia —avalada por varias décadas de rica experiencia en el quehacer judicial— son credenciales únicas que le cualifican de manera absoluta.

## III

Nuestro criterio está apuntalado en la grave preocupación de que la Ley Núm. 19, *supra,* según enmendada —que establece el cargo de Juez Especial y autoriza a este foro a nombrar jueces que se han jubilado después de alcanzar la edad de setenta (70) años de retiro obligatorio— pudiera resultar inconstitucional en dos dimensiones. Veamos.

Primero, porque aparentemente conflige contra el sistema de nombramientos dispuesto en el Art. V, Sec. 8, Const. E.L.A., L.P.R.A. Tomo 1, ed. 1982, pág. 360, que en

lo pertinente dispone —sin excepción— que "[l]os jueces serán nombrados por el Gobernador con el consejo y consentimiento del Senado".

Y segundo, porque supuestamente riñe de su faz con lo preceptuado en la Sec. 10 del mismo Art. V, a saber, que "[l]a Asamblea Legislativa establecerá un sistema de retiro para los jueces, *retiro que será obligatorio cuando hubieren cumplido setenta años de edad*". (Énfasis suplido.) Const. E.L.A., *supra,* pág. 361.

El legajo de la Asamblea Constituyente aviva esta inquietud. Allí se discutió y plasmó el texto actual sobre "jubilación compulsoria". Los indicadores son que conjuntamente con la Sec. 3 del Art. IX, Const. E.L.A., *supra,* se trazó el verdadero significado de esta cláusula al excluirse "del límite de edad fijado por esta Constitución para el retiro obligatorio [a] todos los jueces de los tribunales de Puerto Rico que estén desempeñando sus cargos a la fecha en que comience a regir esta Constitución ... ". Véase, también, 1 Diario de Sesiones de la Convención Constituyente 512–513 (1952); Diario de Sesiones, *supra,* T. 3, págs. 1678, 2148, 2165–2166, 2297 y 2307–2310.

## IV

Este trasfondo y esquema constitucional ineludiblemente suscita varias preguntas: ¿Pueden el Gobernador y el Senado de Puerto Rico delegar en el Tribunal Supremo la facultad de nombrar y confirmar jueces? Una vez alcanzada la edad de 70 años de retiro constitucional obligatorio, ¿puede un juez jubilado ser nombrado por el Tribunal Supremo y retornar a la judicatura a ejercer las mismas prerrogativas del cargo que poco antes tuvo que abandonar? ¿Son lo determinante y esencial las funciones y deberes del cargo y no el título de "Juez Especial"? ¿Tiene algún sentido jurídico esta determinación? ¿Existe

realmente alguna diferencia, o por el contrario es ficticia? Y finalmente, ¿no estamos indirectamente incumpliendo un mandato constitucional que goza de supremacía sobre uno legislativo? Las contestaciones que brindemos son vitales para el país y futuro del Poder Judicial. Si se convalida este esquema nada impediría que pudiéramos reclamar de la Asamblea Legislativa y del Poder Ejecutivo la facultad de nombramiento, pero para jueces que no han alcanzado los setenta (70) años de edad.

## V

Estas consideraciones nos mueven a diferir del trámite del Tribunal. Después de todo, la regla de hermenéutica de abstención constitucional sólo opera en lo judicial. No es prescripción hierática. Reiteramos que, al ser ésta una cuestión administrativa de índole discrecional, el Tribunal no debió actuar. Al hacerlo, nos hemos visto compelidos a dejar constancia de las razones que nos animan. Optamos por "exponerlas pues nuestro silencio podría malinterpretarse y dar lugar a la infundada sospecha de que estamos ajenos e insensibles al momento en que vivimos. Con la nueva, casi completa renovación del Tribunal Supremo, recién comenzamos un ciclo más administrativo y doctrinario en la historia del Poder Judicial puertorriqueño. Conjuntamente con los demás Jueces Asociados de este foro tenemos la obligación de coadyuvar, con el Juez Presidente, en el buen funcionamiento de los tribunales, sin gestos heroicos, terapias radicales, ni esfuerzos costosos".[1] Menos si esa tarea entraña hacer caso omiso a la primera ley, la Constitución o refrendar una interpretación en precario y forzada.

---

[1] *Voto Explicativo emitido el 26 de junio de 1987, Re: Informe de la Comisión Asesora del Juez Presidente sobre la Estructura y Funcionamiento del Tribunal de Primera Instancia.*