EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Alberto Méndez Pabón, et als. Peticionarios v. Hon. Carlos Méndez Martínez Recurrido | Certiorari 2000 TSPR 119 |
| --- | --- |

Número del Caso: CC-2000-0031

Fecha: 05/julio/2000

Tribunal de Circuito de Apelaciones: Circuito Regional IV

Juez Ponente: Hon. Córdova Arone

Abogados de la Parte Peticionaria:

    Lcdo. Edgardo Mesonero Hernández

Abogados de la Parte Recurrida:

    Lcdo. Pablo B. Rivera Díaz

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alberto Méndez Pabón, et als.

    Demandantes-peticionarios

      v.                           CC-2000-31      CERTIORARI

Hon. Carlos Méndez Martínez

    Demandados-recurridos

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 5 de julio de 2000.

**Comparecen ante nos dieciséis (16) empleados cesanteados del Centro de Diagnóstico y Tratamiento del Municipio de Aguadilla en solicitud de que revoquemos una sentencia emitida por el Tribunal de Circuito de Apelaciones, la cual revocó una resolución del Tribunal de Primera Instancia, Sala Superior de Aguadilla; resolución mediante la cual el foro de instancia se negó a desestimar una demanda de daños y perjuicios, y violación de derechos civiles, radicada por los empleados cesanteados contra el Municipio de Aguadilla y el alcalde del mismo, el codemandado Carlos Méndez Martínez.**

Según se alegó en la demanda radicada, los despidos ordenados por el alcalde codemandado se verificaron entre las fechas del 1 al 22 de agosto del 1997. Los demandantes alegaron que eran empleados de carrera del Municipio de Aguadilla y que fueron ilegalmente despedidos por el alcalde de esa municipalidad, por razón de discrimen por razones políticas. Según consta en la demanda, el Alcalde de Aguadilla, Carlos Méndez Martínez, discriminó contra varios de ellos, por ser militantes del Partido Popular Democrático, y, contra otros, por haber sido contratados originalmente por el ex-alcalde Ramón Calero, a favor de quien hicieron campaña política durante el año 1996, para aquel entonces en contra de las aspiraciones políticas del alcalde codemandado. Los demandantes alegaron, además, que el alcalde demandado, luego de despedirlos, contrató a otras personas para llevar a cabo labores de idéntica o similar naturaleza a las que ellos realizaban en el Municipio de Aguadilla.[1]

Sin contestar la demanda, la parte demandada radicó moción en solicitud de la desestimación de la misma, alegando que los demandantes venían obligados a agotar los remedios administrativos y que, al éstos no haber notificado al alcalde, dentro de los noventa (90) días siguientes a la ocurrencia del daño, de su intención de demandar en daños y perjuicios al Municipio, privaron al tribunal de jurisdicción para resolver la controversia.

El tribunal de instancia decretó "No Ha Lugar" a la desestimación solicitada; razonó que el caso de autos era uno en que se justificaba no aplicar rigurosamente el requisito de notificación --establecido en el Artículo 15.003 de la Ley de Municipios Autónomos-- y ordenó la paralización de los procedimientos judiciales hasta tanto J.A.S.A.P. resolviera la apelación ante ella instada a raíz de los mismo hechos.

---

[1] **Previo a la radicación de la demanda, los empleados despedidos habían acudido a la Junta de Apelaciones del Sistema de Administración de Personal, en adelante, J.A.S.A.P. En su apelación ante J.A.S.A.P., los demandantes hicieron sustancialmente las mismas alegaciones.**

De esa resolución recurrió la parte demandada al Tribunal de Circuito de Apelaciones mediante petición de certiorari. El tribunal apelativo intermedio revocó la sentencia recurrida. Concluyó que "el no notificar al Municipio, tal como lo requiere la Ley de Municipios Autónomos, conllevó el que no se cumpliera con varios de los propósitos públicos que inspiraron al legislador al estatuir el requisito de notificación. Por ejemplo, se privó al Municipio de hacer las reservas necesarias en el presupuesto para salvaguardar su solvencia económica, el cual es precisamente uno de los principales propósitos del estatuto."

Es de esa sentencia que recurren ante este Tribunal los demandantes solicitando su revocación y alegando, en síntesis, que erró el tribunal apelativo al revocar la sentencia del tribunal de instancia y al concluir que los demandantes estaban obligados a notificar al Municipio, dentro de los noventa (90) días de su censantía, de su intención de demandar al Municipio en daños y perjuicios ante los tribunales. Además, argumentan que los derechos constitucionales de los peticionarios, de escoger libremente una ocupación y no ser privados de su propiedad sin un debido proceso de ley, son derechos superiores al derecho estatutario contenido en la Ley de Municipios Autónomos que exige que se haga la referida notificación. Por último, los peticionarios alegan que su comparecencia ante J.A.S.A.P., dentro de los 30 días posteriores al despido, constituyó la notificación que exige el Artículo 15.003 de la Ley de Municipios Autónomos.

Examinada la petición de certiorari, y sus anejos, le concedimos a la parte demandada el término de veinte días para mostrar causa por la cual este Tribunal no debía expedir el auto solicitado y dictar Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones.

Habiendo comparecido la parte demandada, en cumplimiento con la orden de mostrar causa emitida, resolvemos según lo intimado en la misma.

I

Es principio cardinal de hermenéutica que "[a]l interpretar una disposición específica de una ley, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla y nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener". Chase Manhattan Bank v. Mun. de San Juan, 126 D.P.R. 759, 766 (1990). Véanse: Pacheco v. Vargas, Alcaide, 120 D.P.R. 404 (1988); R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. II, Cap. 36, págs. 267-270. Nuestra obligación fundamental en estos casos es imprimirle efectividad a la intención legislativa, propiciando de esta forma la realización del propósito que persigue la ley. Díaz Marín v. Mun. de San Juan, 117 D.P.R. 334 (1986). Al interpretar y aplicar un estatuto, hay que hacerlo teniendo presente el propósito social que lo inspiró. Morales v. Adm. Sistemas de Retiro, 123 D.P.R. 589 (1989); Riley v. Rodríguez Pacheco, 124 D.P.R. 733 (1989).[2]


II

Con ello en mente, hacemos un breve repaso de la ley y de la doctrina jurisprudencial relativa al requisito de notificación previa a los municipios de cualquier acción de daños y perjuicios que en su contra se radique en el Tribunal General de Justicia de Puerto Rico.

Según el Art. 15.003 de la Ley de Municipios Autónomos:

> **"Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar al Alcalde una notificación escrita, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.**

---

[2] **Vázquez v. Administración de Reglamentos y Permisos, 128 D.P.R. 513 (1991).**

(a) Forma de entrega y término para hacer la notificación.--Dicha notificación se entregará al Alcalde, remitiéndola por correo certificado o por diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.

La referida notificación escrita deberá presentarse al Alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

Si el perjudicado fuere un menor de edad o una persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, estará obligada a notificar al Alcalde la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que se reclaman. Lo anterior no será obstáculo para que el menor o la persona sujeta a tutela haga la referida notificación por su propia iniciativa dentro del término prescrito, si quien ejerce la patria potestad, custodia o tutela no lo hace.

(b) Requisito jurisdiccional.--No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en este subtítulo.

(c) Salvedad.--Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por la sec. 5298(2) del Título 31."

En Mangual v. Tribunal Superior, 88 D.P.R. 491 (1963), explicamos que los estatutos que requieren una notificación a los municipios, como requisito previo a la iniciación de acción judicial en resarcimiento de daños y perjuicios, responden a los propósitos de 1) proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2) desalentar las reclamaciones infundadas; 3) propiciar un pronto arreglo de las mismas; 4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6) advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando

facilidades para hospitalizar al perjudicado.[3] En dicho caso, además, resolvimos que el requisito de notificación es una condición previa de cumplimiento estricto para poder demandar al municipio.

Desde entonces, ha quedado claro que el requisito de notificación en controversia no es uno jurisdiccional. De hecho, en muchas ocasiones hemos permitido una aplicación flexible de la norma en atención a que el propósito u objetivo del requisito de notificación no resultaría adversamente afectado. En Romero Arroyo v. E.L.A., 127 D.P.R. 724 (1991), citando a Meléndez Gutiérrez v. E.L.A., 113 D.P.R. 811 (1983), y ocupándonos de la aplicación de la Ley de Pleitos contra el Estado, análoga a la Ley de Municipios Autónomos en su requerimiento de la notificación que nos ocupa, dijimos que "[...] en casos como en el presente —donde el riesgo de que la prueba objetiva pueda desaparecer es mínimo, donde hay constancia efectiva de la identidad de los testigos y donde el Estado, por tanto, puede fácilmente investigar y corroborar los hechos alegados en la demanda que se radique-- no es de aplicación inexorable la citada Sec. 3077a por cuanto el objetivo que se persigue mediante la aplicación de la referida disposición legal no tiene razón de ser."[4]

Por otro lado, en López v. Autoridad de Carreteras, 133 D.P.R. 243 (1993), y refiriéndonos específicamente al requisito de notificación de la Ley de Municipios Autónomos, aclaramos que en todas aquellas situaciones u ocasiones en que hemos eximido a la parte reclamante del requisito de notificar al municipio dentro del término de noventa días

---

[3] Bohannon, Municipal Corporations—Notice of Claim in Negligence Cases, 35 Va. L. Rev. 1101, 1103 (1949); Notas, 12 U. Fla. L. Rev. 109 (1959); 27 Fordham L. Rev. 289 (1958), 7 Buffalo L. Rev. 485, 487 (1958); Anotación, 34 A.L.R.2d 725, 728 (1954).

[4] De hecho, en ese caso la situación de hechos que originaba la controversia fue consecuencia de una actuación del funcionario de gobierno a quien, según la ley, se suponía que los demandantes tenían que notificar. Se trataba del Secretario de Justicia. Por eso expresamos que conforme el principio de buena fe que debe permear la litigación en nuestra jurisdicción, el Estado debió renunciar al planteamiento de la falta de notificación como mecanismo para evitar el litigio.

ha sido porque en las circunstancias de cada uno de esos casos el esquema legislativo carecía de virtualidad; porque en ellos no se podían cumplir los propósitos y objetivos del requisito; y/o porque jurídicamente no tenía razón de ser aplicar el requisito a tales circunstancias ya que no fue para ellas que se estableció dicho requisito.

### III

**Reiteramos en el día de hoy la norma jurisprudencial que exige que la parte demandante, en estricto cumplimiento de las disposiciones de la Ley de Municipios Autónomos, notifique al alcalde del municipio a ser demandado, dentro de los primeros noventa (90) días posteriores a la ocurrencia de los hechos que motivan el litigio, de su intención de demandar en daños y perjuicios al municipio; notificación que tendrá que cumplir con las exigencias enumeradas en el Artículo 15.003 de la referida Ley.**

El caso de autos, sin embargo, es evidentemente uno de esos casos en que el requisito de notificación establecido por la Ley de Municipios Autónomos <u>no</u> debe constituir un obstáculo insalvable a la acción de daños y perjuicios radicada. De forma análoga a lo acontecido en <u>Romero Arroyo</u> v. <u>E.L.A.</u>, *ante*, <u>los hechos que motivan la controversia en el caso de autos fueron alegadamente producto de los actos directamente efectuados por el funcionario municipal a quien se deben dirigir todas las notificaciones de reclamaciones judiciales por daños y perjuicios contra el municipio: esto es, el alcalde del municipio en controversia</u>.

En el presente caso, el alcalde codemandado tiene conocimiento personal de los hechos por los que los demandantes reclaman daños y perjuicios; esto es, dicho funcionario conoce muy bien la situación y la identidad de los testigos. El Municipio, por tanto, puede fácilmente investigar, corroborar o refutar los hechos alegados en la demanda radicada. Al igual que en el caso de <u>Romero Arroyo</u>, *ante*, en el caso de autos no es de aplicación inexorable el requisito de notificación al

municipio "por cuanto el objetivo que se persigue mediante la aplicación de la referida disposición legal no tiene razón de ser."

En el caso que nos ocupa abona, _además_, a la conclusión a la que llegamos, de ausencia de perjuicio contra el municipio, el hecho de que la apelación presentada, muy diligentemente por los demandantes ante J.A.S.A.P., plantea claramente los mismos hechos que también dan lugar a la demanda judicial. Indiscutiblemente, como cuestión de hecho, el Municipio de Aguadilla no puede alegar, con éxito, estado de indefensión por causa de la falta de notificación, pues los hechos que motivan esta controversia fueron traídos a la atención investigativa de los demandados prontamente como consecuencia de la tramitación de la reclamación correspondiente ante J.A.S.A.P.

Forzoso resulta concluir que erró el Tribunal de Circuito de Apelaciones al determinar que procedía desestimar la causa de acción por falta de cumplimiento con el requisito de notificación al municipio de la reclamación de daños y perjuicios judicialmente instada. Por las razones expuestas, procede expedir el auto y dictar Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones, devolviéndose el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.[5]

**Se dictará Sentencia de conformidad**.


FRANCISCO REBOLLO LOPEZ
Juez Asociado

---

[5] **En vista de lo expresado, no procede discutir lo relativo al planteamiento de índole constitucional presentado por los demandantes; hacerlo resulta innecesario y sería una desviación de la norma de autolimitación judicial según la cual nos abstendremos de revisar planteamientos de índole constitucional cuando podamos disponer de la controversia por otros medios. Walker v. Tribunal de Contribuciones, 72 D.P.R. 698 (1951).**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alberto Méndez Pabón, et als.

    Demandantes-peticionarios

      v.                  CC-2000-31      CERTIORARI

Hon. Carlos Méndez Martínez

    Demandados-recurridos


**SENTENCIA**

San Juan, Puerto Rico, a


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones en el presente caso, devolviéndose el mismo al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón no intervino.


**Isabel Llompart Zeno**
Secretaria del Tribunal Supremo