AVELINO RODRÍGUEZ FERNÁNDEZ, demandante y recurrente v. SECRETARIO DE HACIENDA, demandado y recurrido.

*Número:* 12517. *Resuelto:* 6 de octubre de 1961.

*Rodríguez Ema y Rodríguez Ramón,* abogados del recurrente; *Francisco Espinosa, Secretario de Justicia Interino, Arturo Estrella, Secretario Auxiliar de Justicia y Cándido Ceballos, Procurador Auxiliar,* abogados del recurrente.

Sala integrada por el Juez Asociado Señor Belaval, como Presidente de Sala, y los Jueces Asociados Señores Hernández Matos y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La G. & R. Manufacturing Corporation, una industria exenta desde el 1ro. de octubre de 1948, en virtud de la concesión de exención contributiva número 56 autorizada por el señor Gobernador de Puerto Rico, a tenor con las disposiciones de la Ley número 184 de 13 de mayo de 1948, le arrendó al demandante recurrente en este caso, Sr. Avelino Rodríguez Fernández, un solar y edificio ubicado en el barrio de Santurce del Municipio de San Juan, Puerto Rico, por el término comprendido entre el 23 de noviembre de 1948 y el 15 de diciembre de 1955. Terminado dicho arrendamiento, la

Bonnie Mills, Inc. otra industria exenta desde el 28 de marzo de 1955, en virtud de la concesión de exención contributiva número N-112 autorizada por el Señor Gobernador de Puerto Rico, a tenor con las disposiciones de la Ley número 6 de 15 de diciembre de 1953, le arrendó a dicho demandante recurrente el mismo solar y edificio a partir desde el 15 de diciembre de 1955 hasta el presente.

El Secretario de Hacienda estuvo conforme de eximir al demandante recurrente del pago de las contribuciones sobre la propiedad e ingresos, por tratarse de un solar y edificio ocupado por una industria exenta, hasta el año fiscal 1955-56, pero le negó la exención a partir del año fiscal 1956-57, porque habiendo sido la propiedad arrendada construida antes del 14 de febrero de 1949, la exención prevalecería siempre y cuando, la primera industria arrendataria que lo ocupara en o antes del 15 de marzo de 1951, siguiera ocupándolo por el resto del término de su exención, a tenor con el inciso 3 de la Ley 203 de 3 de mayo de 1951. La ilustrada Sala sentenciadora estuvo conforme con la contención del Secretario de Hacienda y dictó sentencia a su favor, por entender, que la ley correspondiente había sido correctamente aplicada.

En su recurso ante nos, el demandante recurrente señala como único error de derecho el incurrido por la ilustrada Sala sentenciadora "al declarar sin lugar la demanda enmendada y concluir que el demandante tiene derecho a exención contributiva únicamente hasta el 30 de junio de 1956, y no, como sostiene el demandante, exención total hasta el año fiscal 1958–59 y parcial del 1959 al 1962 inclusive".

La ley aplicable al caso son los incisos 2 y 3 de la sección 12 de la Ley número 184 de 13 de mayo de 1948, según resultó enmendada por la Ley número 203 de 3 de mayo de 1951, que dispone:

"Las exenciones provistas en esta ley serán extensivas . . . (2) a la propiedad inmueble que se haya construido o instalado *a partir de febrero 14 de 1949* o que se construya o instale

en lo sucesivo por cualquier otra persona, para ser arrendada o en cualquier forma puesta a la disposición de un hotel o industria exenta de contribución bajo las disposiciones de esta Ley, y estará exenta del pago de contribuciones sobre la propiedad mientras la referida propiedad sea utilizada en el desarrollo, la organización, la construcción, el establecimiento o la operación de un hotel o industria exenta del pago de contribución bajo las disposiciones de esta ley. Asimismo estará exenta de la contribución sobre ingreso la compensación que tal persona recibiere por el arrendamiento, uso o usufructo de la propiedad así utilizada o poseída por un hotel o industria exenta de contribuciones bajo las disposiciones de esta ley. Las exenciones de contribuciones sobre la propiedad y de contribución sobre ingresos que por la presente se proveen estarán en vigor solamente durante la vigencia de la exención contributiva concedida bajo las disposiciones. de esta ley al referido hotel o industria y en la misma proporción establecida en la Sección 5 de esta ley . . .

(3) No obstante lo dispuesto anteriormente, las exenciones. provistas por esta Sección serán extensivas a la propiedad inmueble y el terreno en que esté situada, construida o instalada *antes de febrero 14 de 1949*, siempre y cuando que antes de marzo 15 de 1951 haya sido arrendada o en cualquier otra forma puesta a la disposición de una empresa hotelera o industrial exenta de contribuciones bajo las disposiciones. de esta ley; Disponiéndose que la referida exención contributiva de tal propiedad inmueble sólo será efectiva: (a) durante la vigencia de la exención contributiva de dicha empresa hotelera o industrial y (b) mientras se mantenga arrendada por o en otra forma a la disposición de la referida empresa." (Bastardillas nuestras.)

Como se sabe, originalmente, las exenciones contributivas sobre los edificios industriales y los terrenos dentro de los cuales dichos edificios estaban construidos quedaban circunscritas a los edificios y solares construidos por la Compañía de Fo--

mento Industrial de Puerto Rico, (Ley número 184 de 13 de mayo de 1948). La extensión de dichas exenciones contributivas a personas particulares se concedió por la Ley número 352 de 14 de mayo de 1949, concebida poco más o menos, en los mismos términos que la anteriormente transcrita, aunque sin referirse a los edificios de personas particulares construidos "a partir de febrero de 1949" y sin la limitación en cuanto a que los edificios de personas particulares construidos con anterioridad al 14 de febrero de 1949, pero arrendados antes del 15 de marzo de 1951, gozarían de la exención durante la vigencia de la exención contributiva concedida a la empresa hotelera o industrial y mientras se mantuvieran arrendados a la referida empresa, que contiene el inciso 3 de la Ley número 203 de 3 de mayo de 1951.

En realidad de derecho, lo que alega el demandante recurrente, es que habiendo estado su edificio, construido con anterioridad al 14 de febrero de 1949, y arrendado a la G. & R. Manufacturing Corporation desde el 23 de noviembre de 1948 hasta el 15 de diciembre de 1955, y a la Bonnie Mills, Inc. desde el 15 de diciembre de 1955 hasta el presente, las exenciones contributivas de que gozara su edificio no terminaron cuando cesó el arrendamiento a la G. & R. Manufacturing el 15 de diciembre de 1955 sino que se prolongaron en virtud del segundo arrendamiento a la Bonnie Mills, Inc., por tratarse de dos industrias exentas de igual categoría beneficial.

■ Un estudio detenido de la ley aplicable a este caso, nos lleva a la conclusión, que las exenciones contributivas para edificios industriales de personas particulares no están concedidas con vista al edificio en sí, sino con vista a la ocupación de los mismos por industrias exentas de acuerdo con las leyes que resulten aplicables cuando se produce la ocupación.

■ En cuanto a los edificios industriales de personas particulares construidos con anterioridad al 14 de febrero de 1949 pero arrendados antes del 15 de marzo de 1961,—que es el caso del demandante recurrente—no hay duda que el inciso

3 de la Ley número 203 de 3 de mayo de 1951 limita las exenciones contributivas a favor del edificio al período de vigencia de la exención contributiva de dicha empresa hotelera o industrial mientras se mantenga arrendado por la referida empresa. En dos casos, pues, terminan las exenciones contributivas de los edificios industriales de las personas particulares: (1) cuando termina el período de exención de la industria que lo ocupa o (2) cuando termina el arrendamiento de la industria que lo ocupa. Siendo esto así, al terminar el arrendamiento de la G. R. Manufacturing Corporation el día 15 de diciembre de 1955, terminaron las exenciones contributivas del edificio industrial del demandante recurrente construido con anterioridad al 14 de febrero de 1949 y arrendado con anterioridad al 15 de marzo de 1951.

Ahora bien, cuando se formaliza el segundo arrendamiento con la Bonnie Mills, Inc. el 15 de diciembre de 1955, el demandante recurrente no clasifica como persona que hubiera construido "a partir de febrero 14 de 1949" que establece el inciso 2 de la Ley número 203 de 3 de mayo de 1951 ni como persona que hubiera arrendado con anterioridad al 15 de marzo de 1951 que establece el mismo inciso. Los hechos aceptados en este caso, no nos permiten determinar si estamos ante un caso de "negocio previamente exento", según la sección 7 de la Ley número 6 de 15 de diciembre de 1953, que sería la Ley aplicable al segundo arrendamiento.

No podemos convenir con la ilustrada representación del demandante recurrente que la clasificación a determinada fecha de los locales exentos, en un caso como el que nos ocupa, resulte irrazonable o confiscatorio, sea contrario al principio de la uniformidad de las leyes o menoscabe el valor de los contratos.

■ La Asamblea Legislativa de Puerto Rico tiene una ancha discreción para establecer una gran variedad de clasificaciones dentro de su cuadro contributivo: *Miranda* v. *Secre-*

*tario de Hacienda*, 77 D.P.R. 171, (Pérez Pimentel) (1954), cita precisa a la pág. 178 y casos allí citados; *Madden* v. *Kentucky*, 309 U. S. 83, 84 L. ed. 590 (Reed) (1940), cita precisa a las págs. 87–88 U.S., 593 L. ed.; *New York Rapid Transit Corporation* v. *New York*, 303 U.S. 573, 82 L. ed. 1024, (Reed) (1938), cita precisa a las págs. 578 U.S., 1029 L. ed.; 578 U.S., 1030 L. ed. Basta que se pueda concebir cualquier interés público posible para que la clasificación prevalezca; *Bowles* v. *American Brewery*, 146 F.2d. 842, (Parker) (1945), cita precisa a la pág. 847.

 Asumiendo, aunque sin resolverlo, que el principio constitucional de la uniformidad fuera aplicable a exenciones contributivas, consideradas éstas como "gracias" legislativas, es indudable que la ley que estamos estudiando en este caso, trata en idéntica forma, a todos los dueños particulares de edificios industriales comprendidos dentro de la clasificación en Puerto Rico. Tampoco nos convence el alegado contrato entre El Pueblo de Puerto Rico y el demandante-recurrente, puesto que de acuerdo con la Exposición de Motivos de la Ley número 184 de 13 de mayo de 1948, la declaración que se considerará que existe un contrato entre El Pueblo de Puerto Rico y la industria que reciba el beneficio de la exención, se refiere exclusivamente a dicha industria. Siendo las exenciones contributivas derogaciones del poder del soberano, no deben extenderse más allá de los términos expresos y exactos del estatuto que las otorga: *Cía. Ferroviaria* v. *Secretario de Hacienda*, 80 D.P.R. 524, (Belaval) (1958). cita precisa a las págs. 534–535.

*Debe confirmarse la sentencia que declaró sin lugar la demanda enmendada.*