C. H. VEHICLE LEASING CORP., demandante y apelante, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y apelado.

*Número:* O-77-311 *Resuelto:* 31 de marzo de 1978

*José A. Cabrera Rivera* y *Eduardo Ortiz Quiñonez,* abogados de la apelante; *Héctor A. Colón Cruz, Procurador General,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados del apelado.

PER CURIAM: La apelante, C. H. Vehicle Leasing Corporation, es una empresa dedicada al arrendamiento de vehículos

de motor. El Negociado de Seguro Social para Chóferes le requirió el pago de $2,601 por concepto de contribuciones adeudadas al Seguro Social Choferil por el período de noviembre de 1973 a diciembre de 1974. Para este momento regía la Ley Núm. 48 de 21 de junio de 1971, cuyo Art. 9(b) disponía:

". . . Cuando el patrono es el dueño, explotador o administrador de uno o más vehículos de motor cedidos en arrendamiento sin chófer con propósitos comerciales o de servicio de transporte a cualquier persona natural o jurídica, excluyéndose el arrendamiento a turistas, el de vehículos privados para conducirlos el arrendatario, y aquellos que arrienda la administración de Servicios Agrícolas para propósitos agrícolas, tal patrono sólo pagará al Fondo para el Seguro Social de los Chóferes y Otros Empleados una cotización de treinta (30) centavos por cada semana o fracción de ésta de duración del arrendamiento de cada vehículo de motor. La persona natural o jurídica que tome en arrendamiento cada vehículo de motor sin chófer sólo pagará al fondo la cotización de cincuenta (50) centavos impuesta por el inciso (a) de este artículo a cada chófer o empleado que tenga trabajando en su empleo durante cada semana o fracción de ésta."

La empresa interpuso en el Tribunal Superior una acción de sentencia declaratoria solicitando que se decretase que no estaba obligada a pagar la contribución requerida. Las partes estipularon que la empresa no arrienda vehículos de motor con chófer ni contrata chóferes a nombre de los arrendatarios de sus vehículos.

El tribunal de instancia declaró sin lugar la demanda y ordenó el pago de la contribución adeudada. La apelante sostiene ante nos que la interpretación del estatuto efectuada por la corte viola el debido procedimiento de ley porque no existe nexo suficiente entre el poder de imposición de contribuciones por el Estado y las actividades de la apelante.

Para el análisis de este planteamiento debemos examinar inicialmente el esquema contributivo. El seguro choferil se creó en virtud de la Ley Núm. 428 de 15 de mayo de 1950. Este estatuto no contemplaba la figura del arrendamiento de

vehículos de motor. Su Art. 1 (b) definía el término "patrono" como "[t]oda persona natural o jurídica que sea dueña, posea o administre uno o más vehículos . . . dedicados a la transportación de personas, animales o cosas mediante retribución y el cual sea conducido por un chofer a quien el dueño, poseedor o administrador del vehículo retribuya por tal servicio ya sea mediante salario, mediante por ciento . . . o de cualquier otra forma."

La Ley Núm. 85 de 14 de junio de 1960 amplió los beneficios provistos por la legislación anterior e incluyó como patronos a los arrendadores de vehículos. (¹) El Art. 1 (b) definió así la palabra "patrono":

"Art. 1 (b) Patrono. Toda persona natural o jurídica que sea dueña, posea, explote o administre uno o más vehículos de motor dedicados a la transportación de personas, animales o cosas, con ánimo de lucro o sin él, y el cual sea conducido por un chófer. *Queda incluido dentro de esta definición el dueño de un vehículo de motor cedido en arrendamiento al chófer que lo opera.*" (Bastardillas nuestras.)

Véase también el Art. 9 (b) de esta pieza legislativa. El Art. 1 (a) expandió a su vez el concepto de chófer para incluir a toda persona "autorizada . . . para conducir vehículos de motor . . . dedicados a la transportación de personas, animales o cosas mediante retribución . . . *o mediante la operación de un vehículo arrendado,* y que conduzca dichos vehículos . . . por vías públicas, caminos y propiedades privados como parte de su ocupación o modo de ganarse su sustento . . . ." (Bastardillas nuestras.)

■ Hasta aquí cubría la ley tres categorías de chófer: al que operaba su propio vehículo de motor, al que era em-

---

(¹) Para el historial legislativo de este estatuto, véanse: *Diario de Sesiones,* Vol. 13, Tomos 3, 4, 5, págs. 1128, 1287, 1291, 1337, 1385 a 1389, 1434, 1435, 1446, 1712, 1735 y 2104; Informe de la Comisión de Trabajo de la Cámara de Representantes, de 6 de mayo de 1960; Informe de la Comisión de Hacienda del Senado, de 18 de mayo de 1960; Informe de la Comisión de Trabajo del Senado, de 19 de mayo de 1960.

pleado del dueño del vehículo y al chófer que tomaba en arrendamiento el vehículo de motor que conducía. Faltaba por proteger al chófer que era empleado de quien había tomado en arrendamiento el vehículo de motor. Esto se efectuó por la Ley Núm. 111 de 21 de junio de 1968. La fraseología empleada en ocasiones no fue del todo feliz.

El Art. 1(b) de la Ley Núm. 111 enmendó así la definición de patrono:

"(b) Patrono. Toda persona natural o jurídica que sea dueña, posea, explote, *tome en arrendamiento* o administre uno o más vehículos de motor dedicados a la transportación de personas, animales o cosas, con ánimo de lucro o sin él, y el cual sea conducido por un chófer. Queda incluido dentro de esta definición el dueño de un vehículo de motor cedido en arrendamiento al chófer que lo opera *o a cualquier otra persona natural o jurídica.*" (Bastardillas nuestras.)

Tomada aisladamente, esta disposición parecía permitir la interrogante, ¿quién es el patrono, el dueño que arrienda el vehículo de motor o aquél que lo toma en arrendamiento? El Art. 9 de la Ley Núm. 111 aclaró el esquema contributivo. Su inciso (b) dispuso:

". . . Cuando el patrono es el dueño, explotador o administrador de uno o más vehículos de motor cedidos en arrendamiento sin chófer con propósitos comerciales o de servicio de transporte a cualquier persona natural o jurídica, excluyéndose el arrendamiento a turistas, el de vehículos privados para conducirlos el arrendatario, y aquellos que arrienda la Administración de Servicios Agrícolas para propósitos agrícolas, tal patrono sólo pagará al Fondo para el Seguro Social de los Chóferes una cotización de treinta (30) centavos por cada semana o fracción de ésta de duración del arrendamiento de cada vehículo de motor. La persona natural o jurídica que tome en arrendamiento cada vehículo de motor sin chófer sólo pagará al Fondo para el Seguro Social de los Chóferes la cotización de cincuenta (50) centavos impuesta por el inciso (a) de este Artículo a cada chófer que tenga trabajando en su empleo durante cada semana o fracción de ésta."

El segundo párrafo del inciso (c) del Art. 9 expresó:

"Toda persona natural o jurídica que ceda en arriendo uno o más vehículos de motor con propósitos comerciales o de servicio a otra persona natural o jurídica que no lo opera como chófer, deberá notificarlo dentro de los cinco (5) días del inicio del arrendamiento al Director dando los números de las licencias de los vehículos de motor y los nombres y direcciones de los arrendatarios y además deberá pagar dentro de los cinco (5) días del inicio del arrendamiento al Fondo para el Seguro Social de los Chóferes que establece esta ley una cotización de treinta (30) centavos por cada vehículo de motor cedido a cada arrendatario por cada semana o fracción de ésta por el período de arrendamiento, aumentándose dicha cotización a ochenta (80) centavos por semana o fracción de ésta cuando el vehículo de motor se arrienda con chófer para operarlo. En tal caso el arrendador deberá retener del salario de cada chófer que tenga en su empleo durante cada semana o fracción de ésta la cotización de cincuenta (50) centavos impuesta a cada chófer empleado por el inciso (a) y pagar dicha cantidad según se dispone por el inciso (c) de este mismo Artículo."

El inciso (a) del Art. 9 especificaba la cotización a satisfacerse por los chóferes.

En el memorial explicativo de la ley el Secretario del Trabajo aclaró el propósito de la misma y el patrón diseñado para cumplirlo. Señaló que se deseaba "incluir bajo la ley los que poseen o administran vehículos de motor para cederlos en arrendamiento con propósitos comerciales o de servicio para mayor claridad en la interpretación de la ley . . . ." Respecto al Art. 1 expresó que "La enmienda del inciso (b) es para cubrir con claridad bajo la definición de 'Patrono' a las entidades que se están dedicando a arrendar o tomar en arrendamiento vehículos de motor que serán operados por un chófer para que los cubra la ley y estos quedan protegidos por el plan. Hay muchos padres de familia que trabajan en estas condiciones y sus patronos no creen estar obligados a pagar su cotización al Seguro de Chóferes." En torno al Art. 9 señaló:

"Se enmienda el inciso (b) para aclarar, según lo recomienda el Actuario Consultor, que el patrono pagará su cotización de 30 centavos semanales por cada chófer que tenga trabajando o por cada vehículo cedido en arrendamiento. También se enmienda para incluir bajo la ley como patrono a quien se dedique a ceder en arrendamiento vehículos de motor con propósitos comerciales o de servicio pagando únicamente 30 centavos por cada semana o fracción de ésta de duración del arrendamiento de cada vehículo de motor. También incluye a la persona que toma el vehículo de motor en arrendamiento, pero éste solo pagará la cotización de 50 centavos por cada semana o fracción impuesta al chófer en el inciso (a)."

Explicó también que:

". . . Se adiciona un párrafo al inciso (c) para disponer que todo el que arrienda uno o más vehículos de motor notifique al Director dentro de los cinco (5) días siguientes y pague una cotización de 30 centavos por cada semana o fracción por cada vehículo de motor cedido a cada arrendatario y de 80 centavos por cada semana o fracción por cada vehículo de motor cedido a cada arrendatario con chófer para que lo opere, esto es, 50 centavos que retiene del salario del chófer y 30 centavos que aporta como patrono. La enmienda requiere de todo arrendatario de vehículos de motor que emplee chóferes para operarlos que cumpla con lo dispuesto en los incisos (a), (b) y (c) de este artículo 9 en lo que respecta a los chóferes empleados . . . ."

■ Resulta absolutamente claro que esta ley, cuyos términos rigen la controversia presente, ya que la Ley Núm. 48 de 21 de junio de 1971 no enmendó las disposiciones que nos ocupan, les impuso a los arrendadores de vehículos de motor con propósitos comerciales la responsabilidad contributiva que el Secretario de Hacienda le ha requerido satisfacer a la apelante. Queda por resolver si tenía poder el Estado para efectuar lo que hizo.

■ La ley vigente a la fecha de los hechos de este pleito fue enmendada por la Ley Núm. 146 de 3 de junio de 1976. La ley actual traslada la responsabilidad contributiva de los arrendadores de vehículos de motor sin chófer a los arrenda-

tarios que contratan chóferes para explotar tales vehículos. Al así hacerlo critica con dureza la legislación anterior. De lo que se trata aquí, sin embargo, no es de precisar la sabiduría del esquema sustituido, sino de expresarnos sobre su constitucionalidad.

 Es inmeritorio el ataque de la apelante a la constitucionalidad del estatuto en disputa. En *Libby, McNeill etc.* v. *Srio. Hacienda*, 82 D.P.R. 389, 397–398 (1961), expresamos:

"Todo cuanto se requiere para cumplir con los requisitos del debido procedimiento de ley es que exista un nexo suficiente entre el poder de imposición de contribución del estado y las actividades o sucesos sujetos a contribución, y que se satisface determinando meramente si el estado ha ofrecido u otorgado beneficios, protección o ventajas . . . ."

En *Buscaglia, Tes.* v. *Trib. de Contribuciones*, 68 D.P.R. 345, 361 (1948), suscribimos la norma de que para que una ley contributiva sea inconstitucional bajo la cláusula del debido procedimiento de ley la misma debe ser tan arbitraria que resulte en una confiscación o en una crasa y patente iniquidad e injusticia. Véase: *South Porto Rico Sugar Co.* v. *Buscaglia*, 154 F.2d 96, 100 (1st Cir. 1946). La Asamblea Legislativa de Puerto Rico tiene ancha discreción para establecer gran variedad de clasificaciones dentro de su cuadro contributivo. Basta que se pueda concebir cualquier interés público posible para que la clasificación prevalezca. *Rodríguez Fernández* v. *Srio. de Hacienda*, 83 D.P.R. 643, 648–649 (1961). Cuando la clasificación no es arbitraria y descansa sobre una base razonable no existe discrimen por el hecho de que se imponga la contribución a una clase y se exonere a otra. *Miranda* v. *Sec. de Hacienda*, 77 D.P.R. 171, 179 (1954); *P.R. Telephone Co.* v. *Tribl. Contribuciones*, 81 D.P.R. 982, 1004 (1960); *Barceló & Cía.* v. *Buscaglia, Tes.*, 67 D.P.R. 108, 120–121 (1947), confirmado: 169 F.2d 82 (1st Cir. 1948). Para determinar si una contribución contraviene derechos constitu-

cionalmente garantizados, no es la forma de la misma ni su definición lo que viene al caso sino su efecto práctico como cuestión de realidad, en su aplicación y funcionamiento. *Maristany* v. *Srio. de Hacienda*, 94 D.P.R. 291, 300 (1967). El peso de la prueba en este y otros sentidos expresados corresponde a la parte que ataca la constitucionalidad de la ley. *Buscaglia* v. *Tribunal de Contribuciones*, 68 D.P.R. 345, 361–362 (1948); *Walker* v. *Tribl. de Contribuciones y Tesorero*, 72 D.P.R. 698, 704 (1951).

La legislación cuestionada no es irrazonable o arbitraria. La imposición del tributo a las empresas arrendadoras respondió a todas luces a las ventajas administrativas que este método conllevaba para su cobro. Véase el informe de 13 de enero de 1967 del actuario consultor, señor Robert J. Myers. Nada impedía que estas empresas trasladasen la carga contributiva mediante ajustes a los cánones de arrendamiento. Las arrendadoras para fines comerciales de vehículos de motor sin chófer estaban derivando ingresos, además, a costa de chóferes que, por carecer de recursos económicos para comprar sus propios vehículos, se veían obligados a arrendarlos o a convertirse en empleados de quienes los habían arrendado. Recuérdese, como hemos advertido, que no se imponía contribución alguna por el arrendamiento de vehículos sin chófer para conducirlos el propio arrendador para fines no comerciales. Existía un interés público sustancial en establecer la clasificación escogida y un nexo enteramente discernible entre el negocio sujeto a tributo y los beneficiarios del mismo. No ha probado la apelante que la contribución impuesta es de orden confiscatorio o que representa una crasa y patente injusticia.

*Se confirma la sentencia apelada.*

El Juez Asociado Señor Rigau no participó.