UNITED STATES BREWERS ASSOCIATION, INC. ET AL., demandantes y apelantes, *v.* JULIO CÉSAR PÉREZ, SECRETARIO DE HACIENDA DEL E.L.A. ET AL., demandados y apelados.

*Número:* O-79-58      *Resuelto:* 29 de febrero de 1980

458

*Federico A. Cordero,* abogado de los apelantes; *Héctor A. Colón Cruz, Procurador General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La Ley Núm. 37, aprobada en 13 de julio de 1978, enmienda la Ley Núm. 143 de 30 de junio de 1969, conocida como la Ley de Bebidas de Puerto Rico. ([1])

Antes de la enmienda, la Ley de Bebidas de Puerto Rico imponía una contribución de un dólar cinco centavos ($1.05) por cada galón medida sobre toda la cerveza producida o importada en Puerto Rico.

La Ley Núm. 37 aumentó la contribución sobre la cerveza a un dólar sesenta centavos ($1.60) por cada galón medida y creó una exención especial para cervezas producidas por personas cuya producción total durante su más reciente año contributivo no haya excedido de treinta y un millones (31,000,000) de galones medida. Las cervezas exentas pagan una contribución de un dólar cinco centavos ($1.05) por galón medida en vez de la contribución actual de un dólar sesenta centavos ($1.60) por galón medida. ([2])

Las demandantes-apelantes son corporaciones dedicadas a la producción y venta de cerveza con una producción anual que excede por mucho de treinta y un millones (31,000,000) de galones medida y una asociación comercial incorporada bajo las leyes de Nueva York que representa los manufactureros de 95% de la cerveza vendida en los Estados Unidos.

---

([1]) 13 L.P.R.A. sec. 6001 y ss.

([2]) Para el texto completo de la ley, véase Servicio Legislativo de Puerto Rico, Vol. 16, Núm. 4, págs. 608 a 611, 13 L.P.R.A. sec. 6006(4)(b) y (c) y sec. 6021A.

Alegan las demandantes que la Ley Núm. 37 es inconstitucional por violar la Sec. 1 (³) y la Sec. 7 (⁴) del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico. Sostienen, además, que es nula por violar la Sec. 3 (⁵) de la Ley de Relaciones Federales.

El tribunal de instancia resolvió a favor de la constitucionalidad de la ley y declaró sin lugar la demanda. Confirmamos la sentencia apelada.

La Ley Núm. 37 se aprobó para incrementar las recaudaciones producidas para el erario público por la Ley de Bebidas. Reconociendo la existencia de economías de escala en la producción de cerveza la ley distribuye la carga contributiva según la productividad de la empresa para fomentar la competencia entre las empresas de distintos tamaños. (⁶)

El poder de nuestra Asamblea Legislativa para imponer y cobrar contribuciones lo establece expresamente la Sec. 2 del Art. VI de la Constitución del Estado Libre Asociado de Puerto Rico. (⁷) "La amplia discreción que posee

---

(³) "La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la ley. No podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas. Tanto las leyes como el sistema de instrucción pública encarnarán estos principios de esencial igualdad humana."

(⁴) ". . . Ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes. . . ."

(⁵) ". . . podrán imponerse contribuciones e impuestos sobre la propiedad, ingresos, rentas internas, y por licencias, franquicias, privilegios y concesiones, cuando dichas contribuciones sean para los fines de los gobiernos insular y municipal, respectivamente, y se impongan según las disposiciones y prescripciones de la Asamblea Legislativa de Puerto Rico; . . . .

". . . Disponiéndose, que no se hará distinción alguna entre los artículos importados de los Estados Unidos o de países extranjeros y los artículos similares producidos o manufacturados en Puerto Rico . . . ."

(⁶) Informe de la Comisión de Hacienda a la Cámara de Representantes sobre el P. de la C. 841, 8va Asamblea Legislativa, 3ra Sesión Extraordinaria, del 20 de junio de 1978. Informe de la Comisión de Hacienda y la Comisión de Industria y Comercio y Fomento Industrial al Senado sobre el P. de la C. 841, 8va Asamblea Legislativa, 3ra Sesión Extraordinaria, del 20 de junio de 1978.

(⁷) "Sección 2. El poder del Estado Libre Asociado de Puerto Rico para imponer

la [Asamblea Legislativa] en el campo contributivo ha sido reconocida desde hace tiempo. Tradicionalmente la 'clasificación' ha sido un método para ajustar los programas contributivos a las necesidades y usos locales a fin de lograr una distribución equitativa en la carga contributiva." *Miranda* v. *Sec. de Hacienda*, 77 D.P.R. 171, 178 (1954).

█ La necesidad de recaudar fondos, razón fundamental por la cual se imponen contribuciones, ciertamente no es un argumento a favor de la imposición de ninguna contribución particular. Cuando se impugna una contribución, no basta decir que el propósito de la misma es recaudar fondos. Es necesario examinarla detenidamente para ver si viola alguna disposición constitucional o de otra índole.

█ El texto de la Ley Núm. 37 distingue entre las cervezas producidas por empresas cuya producción total excede de 31,000,000 galones al año y las cervezas producidas por empresas cuya producción anual no llega a esa cantidad. Sostienen las apelantes que no existiendo empresas locales cuya producción anual exceda de 31,000,000 galones, la clasificación de la ley resulta ser una distinción indebida, basada en el lugar de producción de la cerveza, para beneficio de las empresas locales. Para apoyar su posición, las apelantes señalan el caso de *San Juan Trading Co.* v. *Sancho*, 114 F.2d 969 (1940). Los hechos de ese caso, aunque son similares a los del de autos, son diferentes en al menos un detalle esencial. En *San Juan Trading* la clasificación se estableció para distinguir entre fósforos cuadrados y fósforos redondos. El tribunal resolvió que tal clasificación no ofrecía justificación alguna para imponer un impuesto diferente sobre dos objetos tan similares. En el caso de autos la clasificación se hace en base al tamaño de la empresa, lo cual significa unas economías en la producción de la cerveza que le permiten producir más

---

y cobrar contribuciones y autorizar su imposición y cobro por los municipios, se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido. El poder del Estado Libre Asociado de Puerto Rico para contraer y autorizar deudas se ejercerá según se disponga por la Asamblea Legislativa."

ganancias. Tomando en cuenta las realidades económicas de la industria cervecera el legislador intentó, como bien podía, distribuir la carga contributiva entre las cervecerías de acuerdo a su potencial para producir ganancias. Como se expresó en *Carmichael* v. *Southern Coal & Coke Co.*, 301 U.S. 495, 509–510 (1937), "[l]a Asamblea Legislativa, cuando impone una contribución, no está obligada a imponérsela a todos los integrantes de una clase. Puede hacer distinciones de grado que tengan una base racional y sometidas estas distinciones al escrutinio judicial debe presumirse que descansan sobre una base racional si es concebible alguna situación de hechos que justifique la distinción". La distinción impugnada es una razonable que puede utilizarse como base para imponer contribuciones diferentes. La misma ha sido empleada por el Congreso de los Estados Unidos al aprobar un impuesto de efecto similar sobre la producción de cerveza. Public Law 94–529 [H.R. 3605]; Oct. 17, 1976; U.S.C.A. § 5051. El historial legislativo de esa ley, 5 U.S. Code Cong. & Ad. News 5535–38, señala que el propósito de la misma fue ayudar a las cervecerías pequeñas, reduciendo el impuesto sobre las mismas, para que éstas pudieran competir más efectivamente con las cervecerías grandes.

■ Habiendo la Asamblea Legislativa actuado a base de una clasificación razonable, no procede declarar nula la ley por el único hecho incidental de pagar las cervecerías locales la contribución menor. Hay cervecerías americanas (Champale) y extranjeras (Hofbrau) que pagan la contribución menor e inclusive de los 34 miembros de la United States Brewers Association, 16 cualifican para pagar la contribución menor si deciden vender su cerveza en Puerto Rico. (Determinaciones de hechos Núms. 3 y 4.)

■ La cláusula de la igual protección de las leyes requiere, en cuanto a reglamentación económica se refiere, que toda clasificación contenida en las leyes tenga una relación racional con el propósito de la ley. *Wackenhut Corp.* v. *Rodríguez Aponte*, 100 D.P.R. 518, 531 (1972). La Ley Núm. 37 cumple

con este requisito. Como señalamos anteriormente el propósito de la ley es recaudar fondos. Logra este objetivo imponiendo una contribución sobre la producción e importación de cerveza en Puerto Rico y distribuye la contribución sobre las distintas cervezas en proporción a su capacidad para producir ganancias. Para distribuir la contribución clasifica las cervecerías de acuerdo a su producción anual total, dato que refleja la oportunidad que tiene cada cervecería para beneficiarse de las economías de escala que existen en dicha industria.

La cláusula del debido proceso de ley, dispone que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. "Todo cuanto se requiere para cumplir con los requisitos del debido procedimiento de ley es que exista un nexo suficiente entre el poder de imposición de contribución del estado y las actividades o sucesos sujetos a contribución, y que se satisface determinando meramente si el estado ha ofrecido u otorgado beneficios, protección o ventajas. . . ." *C. H. Vehicle Leasing* v. *E.L.A.*, 107 D.P.R. 94 (1978); *Libby, McNeill, Etc.* v. *Srio. Hacienda*, 82 D.P.R. 389, 397–98 (1961). Ver también, *Sucn. Evans* v. *Srio. de Hacienda*, 108 D.P.R. 713 (1979). La contribución en el caso de autos se impone sobre la producción o importación de cerveza en Puerto Rico, por lo cual no hay duda sobre el poder del gobierno para imponer la contribución. La contribución se ajusta, mediante la exención establecida por la ley, al potencial de generar ganancias de la empresa. Dicho potencial se determina según el tamaño de la empresa. Para determinar la producción total anual de la empresa se considera la producción efectuada en otras jurisdicciones. Considerar la producción total de la empresa para determinar la tasa contributiva a imponerse sobre la importación de sus productos a Puerto Rico no constituye una privación de su propiedad sin el debido procedimiento de ley. En el caso de *Great Atlantic & Pacific Tea Co.* v. *Grosjean*, 301 U.S. 412 (1937), el Tribunal Supremo de Estados Unidos resolvió, bajo hechos un tanto parecidos a los del caso de autos, que era permisible

que un estado considerara la operación total nacional de una empresa para imponer una contribución sobre su actividad dentro del estado. En el caso citado se impugnaba una ley aprobada por el estado de Louisiana que le imponía una contribución a las personas, empresas, sociedades, corporaciones o asociaciones dedicadas a la operación de dos o más establecimientos comerciales de los cuales al menos uno quedaba dentro del estado de Louisiana. La contribución se imponía sobre cada tienda dentro del estado pero el monto de la contribución aumentaba según el número total de tiendas dentro y fuera del estado de Louisiana. El Tribunal Supremo de Estados Unidos resolvió que el hecho incidental de tener las cadenas de establecimientos comerciales locales un número menor de tiendas que las cadenas nacionales no invalidaba la clasificación contenida en la ley, que la consideración de operaciones fuera del estado para determinar la tasa contributiva impuesta sobre operaciones dentro del estado no viola la cláusula del debido procedimiento de ley y que la ley no interfería indebidamente con el comercio interestatal. Para sostener la ley el Tribunal Supremo de Estados Unidos señaló que las oportunidades y poderes de las cadenas de establecimientos comerciales aumentan según crece el número de tiendas y que dicha ventaja no se ve afectada por estar las tiendas localizadas en distintos estados.

Por último, es necesario señalar que las demandantes impugnan la clasificación que hace la ley por entender que la misma no procede bajo ninguna circunstancia. En ningún momento se ha planteado que el trato contributivo desigual que provee la ley no esté justificado por los criterios utilizados por la Asamblea Legislativa para crear la clasificación contenida en la ley. No teniendo evidencia alguna sobre el valor y efecto de las economías de escala existentes en la industria cervecera debemos presumir que la Asamblea Legislativa actuó correctamente al representarlas mediante un diferencial contributivo de $0.55 por galón medida.

El Juez Presidente Señor Trías Monge y los Jueces

Asociados Señores Torres Rigual, Martín y Díaz Cruz no intervinieron.