MODESTO SALAS, NABOR MÉNDEZ ET AL., demandantes y apelados, *v.* EL MUNICIPIO DE MOCA, demandado; LA HONORABLE ASAMBLEA MUNICIPAL DE MOCA, ETC., demandados y apelantes; HON. ORLANDO DÍAZ NIEVES, ETC., demandantes y apelantes, *v.* HON. JUAN DE JESÚS, ETC., demandados y apelados.

*Número:* CE-86-499     *Resuelto:* 18 de noviembre de 1987

*Lorenzo O. Cabán Arocho,* abogado de los apelantes; *Víctor J. Estrella Hernández,* abogado de los apelados; *Norma Cotti Cruz, Subprocuradora General, Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar,* abogadas de El Pueblo.

El Juez Asociado Señor Hernández Denton emitió la opinión del Tribunal.

La Asamblea Municipal del Municipio de Moca presentó recurso de apelación de la Sentencia del Tribunal Superior, Sala de Aguadilla, que declara inconstitucional una ordenanza que prohíbe el estacionamiento de vehículos de porteadores públicos en tres calles principales de Moca. La controversia ante nos plantea problemas importantes sobre el alcance de las facultades de los municipios para reglamentar el tránsito y estacionamiento de vehículos en los pueblos de la isla. Procede la revocación de la sentencia impugnada.

I

Con el fin de aliviar el problema de flujo de tránsito y de estacionamiento en las calles urbanas del centro del Municipio de Moca, éste construyó un local que ofrece facilidades de estacionamiento tanto a vehículos públicos como privados y aprobó una ordenanza[1] que prohíbe el estacionamiento de vehículos públicos en las calles principales del pueblo.

Varios conductores de vehículos públicos, quienes operan las distintas rutas establecidas por la Comisión de Servicio Público en el Municipio de Moca, presentaron solicitud de Sentencia Declaratoria en la que alegaron que dicha ordenanza les niega la igual protección de las leyes y discrimina indebidamente contra los conductores de vehículos públicos; interfiere irrazonablemente con el derecho de los conductores de vehículos públicos a

[1] La Ordenanza Núm. 34, Serie 1984-85, fue aprobada por la Asamblea el 19 de febrero de 1985. Sometida para la aprobación del Alcalde, éste la devolvió con objeciones. La Asamblea Municipal, con el voto afirmativo de más de dos terceras partes de sus miembros, aprobó la Ordenanza no obstante las objeciones del Alcalde. 21 L.P.R.A. sec. 3061(c).

seleccionar libremente su trabajo; regula irrazonablemente el estacionamiento de vehículos públicos en Moca, y ocupa indebidamente el campo que el legislador otorgó a otras agencias especializadas, como el Departamento de Transportación y Obras Públicas y la Comisión de Servicio Público.

En sus conclusiones de hechos, el Tribunal Superior determinó que las carreteras en cuestión eran estatales y acogió favorablemente los planteamientos de los demandantes. Concluyó que la ordenanza en cuestión "constituye un discrimen, sin razón ni justificación alguna contra los conductores de vehículos públicos al establecer una clasificación irrazonable en perjuicio de dichos conductores". Añadió el juez de instancia "que la Asamblea Municipal de Moca, al prohibir el estacionamiento en las calles Barbosa y Ramos Antonini, actuó fuera del ámbito de sus facultades ya que las mismas están bajo la jurisdicción del Departamento de Transportación y Obras Públicas". Sentencia Declaratoria y *Mandamus*, pág. 15.

## II

En el ejercicio de su facultad para determinar la organización y el funcionamiento de los municipios, la Asamblea Legislativa aprobó en 1980 la vigente Ley Orgánica de los Municipios, 21 L.P.R.A. sec. 2001 *et seq.* La intención fundamental de la Asamblea Legislativa al aprobar la nueva Ley Orgánica fue "promover el fortalecimiento de los municipios como unidades de servicios y enmarcar en éstos la función de participación y envolvimiento ciudadano en las actividades de gobierno que afectan directamente a los individuos como miembros de unas familias y de una comunidad". 1980 Leyes de Puerto Rico 601, 602. Entre las facultades delegadas por ley a los municipios está el "[e]jercer el poder legislativo y adminis-

trativo en todo asunto que fuere de naturaleza municipal que redunde en beneficio de la población y para el fomento y progreso de ésta, incluyendo, pero no limitado, al orden y seguridad pública con sujeción a las leyes de Puerto Rico". 21 L.P.R.A. sec. 2054(16).

En el ejercicio del poder de razón de Estado, a los municipios se les reconoce la facultad de reglamentar el tránsito y el estacionamiento en sus vías públicas. 6A McQuillin, *Mun. Corp.*, Secs. 24.47, 24.54, 24.640 (3ra ed.). En particular, los asuntos relacionados con obras públicas y tránsito, se consideran "principales manifestaciones del poder de policía del municipio". E. Córdova, *Curso de Gobierno Municipal*, Río Piedras, Ed. Universitaria, 1964, pág. 375. Véase, también, McQuillin, *op. cit.*, Sec. 24.01 *et seq.* Los municipios pueden adquirir, construir, mejorar y reconstruir obras públicas de todo tipo, bien de forma independiente, o en convenio y coordinación con el Gobierno estatal o federal. 21 L.P.R.A. sec. 2054(10), (18) y (23).

Indiscutiblemente, la reglamentación del tránsito es una preocupación fundamental en todo municipio. Córdova, *op. cit.*, pág. 578; McQuillin, *op. cit.*, Sec. 24.597 *et seq.*; C. J. Antieau, *Municipal Corporation Law*, Nueva York, Matthew Bender Co., 1980, Vol. 1, Sec. 6.156, págs. 261–263. Así lo reconoce la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 301 *et seq.*, cuando delega a "las autoridades locales respecto a las calles y vías públicas bajo su jurisdicción, en el ejercicio razonable de sus poderes ... reglamentar o prohibir el parar, detener o estacionar" automóviles y "reglamentar el uso de calles de mucho tránsito por cualquier clase o tipo de vehículo que se determine incompatible con el movimiento normal y seguro del tránsito". 9 L.P.R.A. sec. 1703(1) y (10). Las ordenanzas para reglamentar el tránsito se hacen a virtud del poder

inherente de razón de estado que tienen los municipios. Op. Sec. Just. Núm. 31 de 1957. Sin embargo, un municipio no puede promulgar o poner en vigor una ordenanza relacionada con las vías estatales,(²) a menos que obtenga la autorización del Secretario de Transportación y Obras Públicas, 9 L.P.R.A. sec. 1702.

▪   En este caso, de la evidencia en autos se desprende que la Asamblea Municipal, luego de examinar los intereses económicos en conflicto, aprobó una ordenanza que prohíbe el estacionamiento en las calles estatales Barbosa y Ramos Antonini. La ordenanza municipal fue sometida al Departamento de Transportación y Obras Públicas para que, de estar de acuerdo con sus disposiciones, el Departamento procediera a cambiar las señales de tránsito, conformándolas a lo dispuesto en la ordenanza. 9 L.P.R.A. sec. 1702. El Director Ejecutivo del Departamento de Transportación y Obras Públicas estuvo conforme con los cambios relativos a las vías estatales y acordó realizar las modificaciones pertinentes en las señales de tránsito.

En estas circunstancias, no existe conflicto alguno entre la actuación de la Asamblea Municipal y el Gobierno estatal. Este último impartió la aprobación necesaria a los cambios introducidos mediante ordenanza.

### III

El tribunal de instancia concluyó, además, que la ordenanza impugnada adolece de vicios constitucionales, ya que establece un trato desigual e injustificado y no guarda relación razonable con el propósito que persigue.

---

(²)Para efectos del Código Político, son carreteras estaduales los caminos y vías públicas construidos y entretenidos por fondos estaduales. Código Político, Art. 397 (3 L.P.R.A., sec. 419).

■ Aclaramos en primer lugar, que las ordenanzas municipales, al igual que los estatutos, se presumen constitucionales hasta que un tribunal competente declare lo contrario, y que le corresponde a la parte que la impugna probar su inconstitucionalidad. *Cerame-Vivas* v. *Srio. de Salud*, 99 D.P.R. 45 (1970); *Esso Standard Oil* v. *A.P.P.R.*, 95 D.P.R. 772 (1968); *Walker* v. *Tribl. Contribuciones y Tesorero*, 72 D.P.R. 698 (1951); *C.H. Vehicle Leasing* v. *E.L.A.*, 107 D.P.R. 94 (1978); McQuillin, *op. cit.*, Sec. 20.06; Antieau, *op. cit.*, Sec. 5.19.

■ La cláusula constitucional que garantiza la igual protección de las leyes, Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, no exige un trato igual para todos los ciudadanos, sino que prohíbe un trato desigual e injustificado. *Zachry International* v. *Tribunal Superior*, 104 D.P.R. 267, 276-277 (1975); *M. & B.S., Inc.* v. *Depto. de Agricultura*, 118 D.P.R. 319 (1987); R. Rotunda, J. E. Nowak y J. N. Young, *Treatise on Constitutional Law: Substance and Procedure*, Minnesota, West Pub. Co., 1986, Sec. 18.2.

■ La ordenanza impugnada es de naturaleza socio-económica, por lo que el criterio que es preciso utilizar para evaluar su validez constitucional es el escrutinio racional. *Marina Ind., Inc.* v. *Brown Boveri Corp.*, 114 D.P.R. 64, 77-86 (1983); *Vélez* v. *Srio. de Justicia*, 115 D.P.R. 533 (1984); *M. & B.S., Inc.* v. *Depto. de Agricultura*, supra. Bajo este análisis tradicional, "una clasificación no debe ser invalidada, a menos que sea claramente arbitraria y no pueda establecerse nexo racional alguno entre la misma y un interés legítimo del Estado". *M. & B.S., Inc.* v. *Depto. de Agricultura*, supra, pág. 333. Siempre que pueda concebirse razonablemente una situación de hechos que justifique la clasificación, la ley es constitucional. *Vélez* v.

*Srio. de Justicia,* supra; *Marina Ind., Inc.* v. *Brown Boveri Corp.,* supra; *Coca Cola Bottling Co.* v. *Srio. de Hacienda,* 112 D.P.R. 707 (1982). *U.S. Brewers Asoc.* v. *Srio. de Hacienda,* 109 D.P.R. 456, 461 (1980); *León Rosario* v. *Torres,* 109 D.P.R. 804, 813–815 (1980); *Wackenhut Corp.* v. *Rodríguez Aponte,* 100 D.P.R. 518, 531 (1972); *P.S.P., P.P.D., P.I.P.* v. *Romero Barceló,* 110 D.P.R. 248, 261 (1980); *Zachry International* v. *Tribunal Superior,* supra; Rotunda, Nowak y Young, *op. cit.,* Sec. 18.3.

▇ Por su parte, la garantía de debido procedimiento de ley exige que un estatuto de este tipo no sea irrazonable, arbitrario o caprichoso y que el medio elegido para avanzar el interés que se persigue tenga una relación racional con éste. *A. Roig Sucrs.* v. *Junta Azucarera,* 77 D.P.R. 342 (1954); *Morales* v. *Lizarribar,* 100 D.P.R. 717 (1972); Rotunda, Nowak y Young, *op. cit.,* Sec. 15.4.

▇ La ordenanza en controversia en el caso ante nuestra consideración es claramente válida según el escrutinio racional que le es aplicable. Ante el problema de estacionamiento y congestión de tráfico en sus calles urbanas, la Asamblea Municipal limitó el estacionamiento de vehículos públicos en las vías más afectadas, no sin antes haber construido otras facilidades de estacionamiento para el uso de los carros públicos y privados. No podemos aceptar el enfoque del Tribunal Superior y pasar juicio sobre la sabiduría de la ordenanza y especular sobre si ésta será un medio efectivo para solucionar el problema que aqueja a la municipalidad de Moca. Ésta es una función que le compete a la Asamblea Municipal. La falta de arbitrariedad o irrazonabilidad en la Ordenanza Núm. 34, Serie 84-85, no debe ser invalidada.

Por los fundamentos expresados, *se revocará la sentencia apelada.*

El Juez Asociado Señor Alonso Alonso concurre con el resultado sin opinión escrita.