López Vilanova, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Luis E. Mártir, recurre de la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Carmen Rita Vélez Borrás, J.), que desestimó sumariamente la demanda presentada por éste.
Evaluado el dictamen, a la luz del derecho aplicable, procede confirmar la sentencia recurrida.
I
El aquí recurrente presentó una demanda contra el Estado Libre Asociado (E.L.A.) al amparo de la sección 8040(a) del Código de Rentas Internas de 1994 (13 L.P.R.A. see. 8006 et seq.). Alegó, en síntesis, que las disposiciones sobre cobro de arbitrios que dispone dicho Código es inconstitucional, toda vez que establece una clasificación arbitraria y caprichosa en violación al debido proceso de ley. Planteó, además, que el Departamento de Hacienda le cobró una cantidad de arbitrios en exceso de lo que dispone:
"Tanto el Secretario de Justicia como el aquí recurrente solicitaron del Tribunal que dictara sentencia sumaria a su favor, toda vez que ambas partes sostienen que no existe controversia de hechos."
Los exponemos.
El recurrente compró un vehículo de motor en Miami, Florida. El precio sugerido de venta por el manufacturero para el modelo del vehículo Cadillac era de $36,995.
El 20 de junio de 1997, Mártir trajo su vehículo a Puerto Rico. Pagó la suma de $14,428.05 por concepto de arbitrios. Ese mismo día procedió a levantar el vehículo. Cuatro (4) días después, siguiendo el procedimiento establecido en el Código de Rentas Internas de 1994, solicitó del Departamento de Hacienda que le reintegrara la suma de $5,428.05 que alegadamente le había cobrado en exceso por concepto de arbitrios
El 2 de septiembre de 1997, el Departamento de Hacienda notificó al demandante, por correo certificado con acuse de recibo, que la suma que dicho contribuyente había pagado por concepto de arbitrios era correcta. Por tanto, denegó su solicitud de reintegro.
*769 Mártir sostiene que la clasificación establecida por la Legislatura al distinguir entre distribuidores de vehículos y personas privadas es inconstitucional por ser discriminatoria en violación a lo dispuesto en el Artículo II, Sec. 1 de la Constitución de Puerto Rico y por estar en contravención a las garantías del debido proceso de ley y de la igual protección de las leyes. Argumenta que, por ser ambos contribuyentes, tanto el distribuidor como la persona privada, deben recibir el mismo trato contributivo.
Como correctamente resolvió el foro de instancia, no tiene razón.
En Coca-Cola Bottling Co. v. Srio. de Hacienda., 112 D.P.R. 707 (1982), el Tribunal Supremo expresó que cuando los estados ejercen el poder de imponer contribuciones, tienen amplia discreción de seleccionar los sujetos y los objetos a ser tributados. Determinó que ni el debido proceso de ley ni la igual protección de las leyes imponen una regla rígida que exija igualdad en la imposición de las contribuciones, permitiendo así, una vasta discreción a la Asamblea Legislativa para establecer clasificaciones. Si el propósito de la Legislación está razonablemente relacionado con las clasificaciones, éstas se justificarán.
En U.S. Brewers Assoc. v. Srio de Hacienda, 109 D.P.R. 456 (1980), el Tribunal Supremo, determinó que cuando la Asamblea Legislativa impone una contribución no está obligada a imponerla sobre todos los integrantes de una clase y puede hacer distinciones de grado que tengan una base racional. Cuando estas distinciones se someten al escrutinio judicial debe presumirse que descansaran sobre una base racional si es concebible una situación de hechos que justifique la distinción.
La Asamblea Legislativa estableció una distinción entre distribuidores autorizados de vehículos y personas que introducen vehículos a Puerto Rico para uso propio. Dicha clasificación no es sospechosa ni afecta derechos fundamentales. Se trata de una reglamentación de naturaleza eminentemente escrutinio tradicional o de nexo racional.
El dar trato contributivo distinto a contribuyentes que no están en igualdad de condiciones no viola derecho fundamental alguno. Rodríguez v. E.L.A., 92 J.T.S. 63; González v. Ramírez Cuerda, 88 D.P.R. 125 (1963); Aponte Martínez v. Lugo, 100 D.P.R. 282 (1971); Cortés Portalatín v. Hau Colón, 103 D.P.R. 734 (1975); Colón v. Romero Barceló, 112 D.P.R. 573 (1982); Puerto Rico Tel. Co. v. Martínez, 114 D.P.R. 328 (1983); Arroyo v. Rattan Specialties, Inc., 117 D.P.R. 35 (1986).
Tanto en los objetivos de la Ley Habilitadora de la Reforma Contributiva de 1994 como en la Exposición de Motivos de la Ley Núm. 223 de 30 de noviembre de 1995, que enmienda el Código de Rentas Internas, la Asamblea Legislativa estableció el propósito de esta legislación de, en armonia con la política de desarrollo económico del Gobierno de Puerto Rico, estimular la actividad empresarial y productiva en el país.
Por tanto, la clasificación en cuestión no es arbitraria ni caprichosa. Responde a la política de desarrollo económico del sector empresarial del país. Al hacer la clasificación, y establecer la diferencia en los arbitrios a pagar por la introducción de vehículos al país basada en la determinación de cuál es el precio contributivo, la Legislatura pretendió fomentar el propósito esbozado anteriormente para propiciar el desarrollo de la industrial de venta de vehículos de motor en Puerto Rico.
En virtud de ello, en el caso del epígrafe no se configuró violación alguna a la garantía de la igual protección de las leyes.
Mártir sostiene, además, que el Departamento de Hacienda le cobró arbitrios en exceso de lo establecido por ley. Argumenta que dicho departamento debió cobrarle a base del precio de compra, el cual, conforme a su contención era de $33,000. No le asiste la razón. Veamos.

"La Asamblea Legislativa estableció que, en los casos de automóviles, el precio contributivo sería el precio sugerido de venta al consumidor. 13 L.P.R.A. see. 9001 (14). Además, estableció que, independientemente del precio pagado por el consumidor, ese precio sugerido de venta al consumidor en los casos de vehículos introducidos por personas que habrían de utilizarlos para uso privativo, 
*770
seria el precio sugerido de venta por el manufacturero según aparece en el "Black Book" multiplicado por 1.30, 13 L.P.R.A. sección 9001 (15)(B). Los arbitrios a pagar sobre los vehículos que se introduzcan o se fabriquen en Puerto Rico cuando el precio contributivo sea mayor de $42,000 será el 30% de dicho precio contributivo. 13 L.P.R.A. sección 9014.

El Departamento de Hacienda calculó correctamente la cantidad de arbitrios a pagar en el caso de epígrafe. El precio sugerido por el manufacturero en el "Black Book" para el vehículo del aquí recurrente, un Cadillac, modelo Sedan Deville del año 1997, es de $36.995.00. Al multiplicar dicha suma por 1.30, obtenemos el precio sugerido de venta al consumidor. El precio contributivo para un vehículo de dicho modelo al ser introducido a Puerto Rico por una persona para uso privativo es de $48,093.50. En razón de ello, al ser mayor de $42,000, la cantidad de arbitrios a pagar es el 30% de $48,093.50. Por tanto, la cantidad de $14,428.05 cobrada por el Departamento de Hacienda fue correcta." (Sentencia, a la pág. 7).
Nada hemos encontrado en la razonada y bien fundamentada sentencia emitida por el Tribunal de Instancia que amerite nuestra intervención. Por ello, se confirma el dictamen recurrido.
Notifíquese.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General
Aida Ileana Oquendo Graulau
Secretaria General