Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| FERNANDO FIGUEROA VÁZQUEZ Y OTROS<br><br>Parte Recurrida<br><br>v.<br><br>MUNICIPIO DE HATILLO<br><br>Parte Peticionaria | TA2026CE00105 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br>Civil núm.: HA2024CV00365<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de marzo de 2026.

Comparece la parte apelante, Municipio de Hatillo (Municipio o peticionaria), y solicita que revoquemos la *Resolución Interlocutoria Sobre Desestimación*, emitida el 13 de enero de 2026, notificada el 14 de enero de 2026, por el Tribunal de Primera Instancia, Sala de Hatillo (TPI). Mediante el aludido dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por el Municipio y le concedió un término para presentar su alegación responsiva.

El 30 de enero de 2026, le concedimos un término a la parte recurrida, para que mostrara causa por las cuales no debamos expedir el auto de *certiorari* y revocar la determinación recurrida[1]. La parte recurrida compareció el 19 de febrero de 2026, mediante *Moción en Cumplimiento de Orden*[2].

Examinados los escritos a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, expedimos el

---

[1] Entrada 3.
[2] Entrada 6.

auto de *certiorari,* revocamos la resolución recurrida y desestimamos la demanda, con perjuicio, en cuanto al Municipio de Hatillo.

I.       **Trasfondo fáctico y procesal**

El 19 de diciembre de 2024, la parte recurrida, compuesta por el Sr. Fernando Figueroa Vázquez (Figueroa Vázquez), su esposa, la Sra. Teresa Serrano Delgado (Serrano Delgado) y la sociedad legal de gananciales compuesta por ambos[3], presentaron una demanda sobre daños y perjuicios en contra del Municipio de Hatillo, el Centro de Envejecientes Víctor M. Ávila (Centro de Envejecientes) y otros[4].

En resumen, alegaron que, el 2 de enero de 2024, Figueroa Vázquez se encontraba en el Centro de Envejecientes y que uno de los participantes "de nombre Juan" lo agredió[5] ocasionándole daños. Como consecuencia de lo anterior, la parte recurrida arguyó que el personal del Centro de Envejecientes, el cual es operado por el Municipio de Hatillo, actuó con negligencia al no prevenir el ataque pese a conocer el comportamiento agresivo previo del atacante. Como resultado, reclamaron una compensación no menor de $85,000.00 por daños físicos, angustias emocionales y sufrimiento, incluyendo aquellos sufridos por Serrano Delgado, esposa de Figueroa Vázquez.

Luego diversos trámites procesales no pertinentes a este recurso, el 8 de octubre de 2025, el Municipio de Hatillo presentó una *Moción de Desestimación[6]*. En síntesis, expuso que procedía la desestimación de la demanda en su contra, pues los recurridos no cumplieron con el requisito jurisdiccional de notificación al

---

[3] En conjunto Figueroa-Serrano o los recurridos.
[4] Los demandados contra quien se instó el pleito son, Municipio de Hatillo, Centro de Envejecientes Víctor M. Ávila, Estado Libre Asociado de Puerto Rico, Juan Doe, su esposa Jane Doe y la sociedad legal de bienes gananciales compuesta por ambos; Fulano de Tal; Sutana de Tal; AB Insurance; CD Insurance; EF Insurance.
[5] Según alegado por los recurridos, el atacante "se dirigió hacia donde estaba el Sr. Figueroa y le gritó "te voy a matar". Acto seguido lo tomó por el cuello y le aprieta fuertemente, golpeándolo en el lado izquierdo de la cara causándole una herida abierta. Continúa golpeándolo por diferentes partes de su cara y cuerpo, hasta que el Sr. Figueroa comienza a gritar y pudo zafarse de sus brazos. Véase *Demanda,* acápite 8. (Entrada 1).
[6] Entrada 29.

Municipio que establece el Art. 1.051 del Código Municipal[7]. En vista de lo anterior, indicó que los recurridos alegaron haber sufrido los daños el 2 de enero de 2024, por lo que tenían hasta el 1 de abril de 2024 para notificar al Municipio y no lo hicieron. Por tanto, plantearon que el TPI no tenía jurisdicción para atender su reclamación y procedía la desestimación de la demanda.

El 2 de diciembre de 2025, los recurridos presentaron *Moción en Opos[i]ción a Solicitud de Desestimación*[8]. Respecto al requisito de notificación al Municipio, estos plantearon que al caso le aplicaban las excepciones contempladas en la *Ley de Pleitos contra el Estado*, "que incluye al Municipio de Hatillo"[9], el cual en su Artículo 2-A establece y regula lo relacionado a la notificación requerida para iniciar una reclamación contra el Estado. En específico, señaló el citado artículo establece que "esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro". Añadió que el Tribunal Supremo ha eximido del requisito de notificación en determinadas instancias[10]. Además, añadieron que el Municipio tuvo conocimiento inmediato de los hechos que motivaron la demanda, ya que los recurridos llevaron la querella realizada por la Policía de Puerto Rico directamente al Municipio y que este refirió el caso a su aseguradora. Por último, alegaron que demandaron a la aseguradora del Municipio, por lo que plantearon que no aplicaba el requisito jurisdiccional de notificación.

---

[7] 21 LPRA § 7082.
[8] Entrada 50.
[9] *Íd.*
[10] A tenor, citaron lo resuelto por el Tribunal Supremo en *Toro Rivera v. ELA*, 194 DPR 393, 405 (2015). (1) la defensa de falta de notificación es renunciada por el Estado; (2) el funcionario a quien se ha de notificar y contra el cual se dirige la acción es el mismo, por lo que posee conocimiento personal sobre los hechos; (3) el riesgo de que la prueba objetiva desaparezca es mínimo y el Estado puede corroborarla fácilmente; (4) se entabla una acción directa contra la aseguradora; (5) una parte presenta una reconvención compulsoria, luego de que la entidad estatal inicia una acción en su contra en el término dispuesto en ley para notificar; (6) la parte ha demandado y diligenciado el emplazamiento en los noventa días que requiere la ley para notificar, y (7) la tardanza no es imputable al demandante y torna inútil la notificación. *Toro Rivera v. ELA*, supra, pág. 412-413.

En respuesta, el 4 de diciembre de 2025, el Municipio presentó su réplica a la oposición de los recurridos y argumentó que los planteamientos presentados por estos eran improcedentes, toda vez que el requisito de notificación del presente caso se rige por lo establecido en el Código Municipal y no por la Ley de Pleitos Contra el Estado[11]. Añadieron que el hecho de que el Municipio cuente con una póliza de seguro no significa que no haya que cumplir con el requisito de notificación, sino que la defensa del Municipio no le aplica a la aseguradora, y que la información provista en la querella de la Policía no contiene todo lo requerido por el Art. 1.051 del Código Municipal. Por último, informó el nombre de su aseguradora[12].

Así las cosas, el 13 de enero de 2026, notificada el 14 de enero de 2026, el TPI emitió la resolución recurrida[13], en virtud de la cual declaró No Ha Lugar la solicitud de desestimación del Municipio y le concedió un término para presentar su alegación responsiva.

Insatisfecho con la determinación, el Municipio acude ante nos vía *certiorari* y le imputa al foro primario la comisión del siguiente señalamiento de error:

Erró el TPI al denegar la moción de desestimación por falta de jurisdicción presentada por el Municipio.

El 19 de febrero de 2026, la parte recurrida compareció mediante *Moción en Cumplimiento de Orden,* en la que reconoce que no notificó al Municipio en el término provisto por el Art. 1.051 del Código Municipal, pero aduce, que ante el hecho de que incluyeron a la aseguradora del Municipio en el pleito[14], no procede la desestimación de la demanda.

---

[11] Ley Núm. 104-1955. 32 LPRA § 3077 et seq.

[12] Multinational Insurance Company, Póliza CLP-0370834; reclamación núm. 367457).

[13] Entrada 54.

[14] El 24 de diciembre de 2025, los recurridos presentaron ante el TPI una *Moción en Solicitud de Sustitución de Parte* a los efectos de sustituir el nombre de la aseguradora del Municipio por Multinational Insurance Company y que se expidiera el emplazamiento correspondiente. (Entrada 53).

Evaluados los argumentos de las partes, estamos en posición de resolver.

## II. Derecho Aplicable

### A. El *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior[15].

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V[16]. Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de

---

[15] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[16] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[17], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción[18].

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro[19]. Por tanto, de no estar

---

[17] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

[18] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[19] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

## B. Artículo 1.051 y 1.053 del Código municipal

El Código Municipal, *supra,* derogó y sustituyó a la Ley Núm. 81-1991, según enmendada, conocida como "Ley de Municipios Autónomos de Puerto Rico", 21 LPRA sec. 4001 *et seq.* (en adelante, "derogada Ley Núm. 81-1991"). Cabe mencionar que, el Artículo 15.003 de la derogada Ley Núm. 81-1991, *supra,* es equivalente al Artículo 1.051 del Código Municipal, *supra,* puesto que quedó inalterado. En particular, el precitado artículo establece la manera de proceder en caso de tener una causa de acción sobre daños y perjuicios contra algún municipio, a saber:

> **Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido.** En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
>
> (a) *Forma de entrega y término para hacer la notificación. —* Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.
> **La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad**.
>
> [...]
>
> **(b)** *Requisito jurisdiccional.* **— No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el**

> **reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en esta sección. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación.**
>
> (c) *Salvedad.* —Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, término prescriptivo en el Código Civil de Puerto Rico.

21 LPRA sec. 7082 (Énfasis suplido).

De manera que el requisito de notificación, estatuido en la precitada disposición, constituye una condición previa indispensable para incoar una reclamación extracontractual contra el municipio en cuestión.[20] Además, establece que debe realizarse dentro de un plazo de caducidad de noventa (90) días, el cual transcurre a partir de que el reclamante adviene en conocimiento de los daños sufridos. 21 LPRA sec. 7082. Por tanto, todo lo anterior es un requisito de naturaleza jurisdiccional.[21]

El referido carácter jurisdiccional fue reiterado a través de la Ley Núm. 121-2018 que enmendó, a su vez, el Artículo 15.003 de la derogada Ley Núm. 81-1991. La Asamblea Legislativa entendió pertinente este proceder dado que "el alcance y eficacia jurídica del carácter jurisdiccional del Artículo 15.003 ha sido sustancialmente limitado debido a la imprecisión en el lenguaje de su texto y a la falta de manifestaciones sobre este menester en el historial legislativo de la Ley de Municipios Autónomos."[22] Por ello, en múltiples ocasiones, nuestra jurisprudencia estableció que los requisitos bajo el Artículo 15.003 de la derogada Ley Núm. 81-1991 eran de cumplimiento estricto e incluso reconoció circunstancias que eximen de notificación.[23]

---

[20] *Rivera Fernández v. Mun. Carolina*, 190 DPR 196, 206 (2014).
[21] *Íd.*
[22] Véase, *Exposición de Motivos* de la Ley Núm. 121-2018.
[23] Véase, *Rivera Fernández v. Mun. Carolina*, 190 DPR 196, 210-212 (2014); *Acevedo v. Mun. de Aguadilla*, 153 DPR 788, 798-800 (2001); *Méndez et al. v. Alcalde de Aguadilla,* 151 DPR 853, 862-863 (2000); *López v. Autoridad de Carreteras*, 133 DPR 243, 251-252 (1993); *Romero Arroyo v. ELA*, 127 DPR 724,

No obstante, tanto el derogado Artículo 15.003, como el vigente Artículo 1.051, titulan *ad verbatim* su inciso (b) como "Requisito jurisdiccional".[24] De modo que, surge claramente en la letra de la ley, su propósito de establecer el cumplimiento de la notificación al Alcalde como un requisito de naturaleza jurisdiccional que debe cumplirse en la forma, manera y dentro del término establecido. Además, lo anterior fue reafirmado por la Asamblea Legislativa en la *Exposición de Motivos* de la Ley Núm. 121-2018, a saber:

> [...] el Artículo 15.003 establece como requisito previo el comunicar mediante notificación escrita al alcalde sobre la existencia de una posible reclamación en contra del municipio. Además, en su inciso (b) dispone que el cumplimiento con la notificación al alcalde, de la forma, manera y dentro del término establecido, es un requisito de naturaleza jurisdiccional.
>
> [...]
>
> El cumplimiento cabal con cada uno de los requisitos plasmados en el Artículo 15.003, es una condición previa indispensable sin la cual no se podrá responsabilizar al municipio, ni iniciarse acción de clase alguna en su contra, en reclamaciones por daños causados por culpa o negligencia de este. Además, esta Ley establece que los términos para hacer la notificación, contenidos en el inciso (a) del Artículo 15.003 de la Ley 81-1991, según enmendada, son de caducidad y su incumplimiento es un defecto fatal.

Véase, *Exposición de Motivos* de la Ley Núm. 121-2018.

Por último, resulta importante resaltar que tal requisito de notificación persigue los siguientes fines: (1) proporcionar al gobierno la oportunidad de investigar los hechos que dan origen a la reclamación; (2) desalentar las reclamaciones infundadas; (3) propiciar un pronto arreglo de las mismas; (4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; (5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; (6) advertir a las autoridades de la existencia de la reclamación para

---

734-735 (1991); *Meléndez Gutiérrez v. ELA*, 113 DPR 811, 813-815 (1983); *Mangual v. Tribunal Superior*, 88 DPR 491, 498-499 (1963).
[24] Véase, 21 LPRA sec. 4703 (derogado); 21 LPRA sec. 7082.

que se provea la reserva necesaria en el presupuesto anual; y, 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *Acevedo v. Municipio de Aguadilla,* supra.

Por otro lado, y en lo aquí pertinente, el Artículo 1.053 del Código Municipal[25] establece unas circunstancias específicas en las que no se autoriza instar una acción por daños y perjuicios en contra del Municipio. Dicho artículo expresa lo siguiente:

> **No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona** o la propiedad por **acto u omisión de un funcionario, agente o empleado de cualquier municipio**:
>
> (a) En el cumplimiento de una ley, reglamento u ordenanza, aun cuando éstos resultaren ser nulos.
>
> (b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción.
>
> (c) En la imposición o cobro de contribuciones.
>
> **(d) Constitutivo de acometimiento, agresión u otro delito contra la persona**, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.
>
> [...]
>
> La sentencia que se dicte contra cualquier municipio de acuerdo con este Capítulo no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia, ni concederá daños punitivos, ni impondrá honorarios de abogados. La imposición de costas se regirá por el procedimiento ordinario.

Esbozada la normativa jurídica que enmarca la controversia ante nuestra consideración, procedemos a aplicarla.

### III.    Aplicación del Derecho a los Hechos

La Regla 52.1 de Procedimiento Civil, supra, nos faculta a expedir el auto de *certiorari* cuando se recurre de la denegatoria de una moción de carácter dispositivo, como lo es una moción de

---

[25] 21 LPRA § 7084.

desestimación. En virtud de ello, ejercemos nuestra discreción y expedimos el auto solicitado.

En su único señalamiento de error, el Municipio plantea que el foro de instancia erró al denegar su solicitud de desestimación por el incumplimiento de los recurridos con el requisito de notificación que exige el Artículo 1.051 del Código Municipal.

Por su parte, los recurridos plantean que, aun cuando no cumplieron con el requisito de notificación preceptuado en dicho artículo, no procede la desestimación del pleito, debido a que también incluyeron como parte demandada a la aseguradora del Municipio. Veamos.

Del expediente ante nos, se desprende que los recurridos no cumplieron con el requisito jurisdiccional de notificación escrita al Municipio dentro del término de caducidad establecido en el Código Municipal y estos así lo reconocen. Conforme expusimos en la segunda parte del presente escrito, el Artículo 1.051 dispone expresamente que no podrá responsabilizarse *ni iniciarse acción de clase alguna* contra un municipio, a menos que el reclamante haga la notificación escrita, *en la forma, manera y en los plazos de caducidad* allí dispuestos[26]. Ante el incumplimiento con dicho requisito jurisdiccional, los recurridos están impedidos de ejercitar una causa de acción en cuanto al Municipio.

Ahora bien, de una lectura del expediente no solo se desprende que la parte recurrida incumplió con el requisito de notificar al Municipio, sino que los daños reclamados surgen como consecuencia de una alegada agresión cometida por un residente del Centro de Envejecientes. En ese sentido, el Artículo 1.053 del Código Municipal expresamente dispone que no están autorizadas las acciones contra el Municipio por daños y perjuicios contra la

---

[26] 21 LPRA § 7082. Énfasis nuestro.

propiedad o la persona, por **acto u omisión** de un funcionario, agente o empleado constitutivo de acometimiento, **agresión**, u otro delito contra la persona.[27]

De conformidad con lo antes expuesto, aun cuando el Código Municipal, *supra,* permite que un municipio responda por los daños personales o a la propiedad causados por su culpa o negligencia, siempre y cuando se cumpla con las exigencias impuestas por dicha ley[28], dicho estatuto impone ciertas limitaciones, tales como el requisito jurisdiccional de notificación escrita establecido en el Artículo 1.051, así como cuáles acciones por daños y perjuicios no están autorizadas conforme al Artículo 1.053. En efecto, los hechos que dieron base a la demanda instada por los recurridos están incluidos entre las acciones por daños y perjuicios no autorizadas a presentarse en contra del Municipio.

En vista de lo anterior, forzoso es concluir que erró el foro primario al denegar la solicitud de desestimación presentada por el Municipio, pues los recurridos no cumplieron con el requisito jurisdiccional de notificación escrita dentro del término de caducidad que exige el Art. 1.051. Ante dicho incumplimiento, procede expedir el auto de *certiorari,* revocar la resolución recurrida y desestimar la demanda en cuanto al Municipio de Hatillo, con perjuicio.

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, expedimos el auto de *certiorari,* se revoca la *Resolución* recurrida, y se desestima la demanda, en cuanto al Municipio de Hatillo, con perjuicio.

Notifíquese.

---

[27] 21 LPRA § 7084(d).
[28] *Rivera Serrano v. Mun. de Guaynabo,* 191 DPR 679, 685 (2014).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Campos Pérez concurre sin opinión escrita.

El Juez Adames Soto concurre sin voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones